# EXHIBIT A

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

THE OWINGS GROUP, LLC, et al.,

Defendants.

Case 1:18-cv-2046-RDB

## <u>DECLARATION OF MARK JOHNSON</u>

I, Mark Johnson, declare under penalty of perjury:

1.  I am over the age of 18 and competent to testify to the facts set forth in this Declaration based on my own personal knowledge.

2.  I am 51 years of age and live in Pikesville, Maryland. Since 2006, I have been married to Courtney Swears. We have one daughter, who is eleven years old and home schooled primarily by my wife.

3.  I graduated from Sparrows Point High School in 1987. After high school, I attended what was then Towson State University, but did not graduate.

4.  I willingly entered into the Consent Judgment in this action and have cooperated with the SEC with respect to this proceeding. I take complete responsibility for my actions that, as alleged in the Complaint, caused serious harm to persons who invested with Owings Group, LLC, and its affiliates, and lost their investments. I sincerely apologize to those harmed, to the Court, to the community and to my family and friends for my actions.

5.  As alleged in the Complaint, I was the Chief Executive Manager of the Owings Group, LLC, and served in that capacity from late 2012 until 2015.

6. In 2016, my wife and I became the co-owners of Synergy Health Centers, LLC. The company was not successful and, as a result and due to a debt I had personally incurred to help fund the business, I filed for bankruptcy on August 16, 2018 (MD Bankruptcy Court Case No. 18-15067) (*see* Bankruptcy Court Docket, Attachment 1). The Order of Discharge in my bankruptcy case was entered on November 9, 2018, and the bankruptcy case was closed on November 25, 2018.

7. The Summary of Assets and Liabilities and Certain Statistical Information (Doc 28) that I filed in my bankruptcy proceeding is attached hereto as Attachment 2. It shows that as of May 2018, before discharge, my liabilities exceeded my assets by more than $900,000.

8. Since my discharge from bankruptcy in November 2018, my financial circumstances have remained extremely difficult.

9. In June 2017, my wife and I formed Men's Health, LLC ("Men's Health"), which was a business focused on men's sexual health. That business ceased operating by name in less than a year and, in or about April 2018, we formed MH of North America, LLC ("MHNA"), to provide the same services. MHNA does business as mymensclinic.com. My title at MHNA is General Manager. In 2018, my W-2 income from MHNA was $68,400 (Attachment 3). In 2019, my W-2 income was also $68,400 (Attachment 4). As of the date of this Declaration, my 2020 income from MHNA has been $64,909.43. I anticipate receiving approximately another $7,000 in salary 2020.

10. Business in 2020 has been difficult due to the COVID pandemic and I do not anticipate that my wife or I will receive any distributions from MHNA this year. In addition, neither my wife nor I have taken any distributions from either Men's Health or MHNA or any

other entity since we formed those companies. The business currently has no value given its liabilities.

11.     My wife and I jointly own a house located at 7014 Rockstream Court, Baltimore, Maryland 21209. We bought our house in 2007 for approximately $971,000. The house has a tax assessed value of $776,300 (Attachment 5) and an estimated market value of $869,797 according to its "Zillow" estimate (Attachment 6). The first mortgage on the home with Shellpoint Mortgage has a current principal balance of $625,983.33 and we are three months behind in the payments due (Attachment 7). The second mortgage is with Planet Home Lending and has a current principal balance of $127,919.18 (Attachment 8). We currently are in arrears on our neighborhood's homeowner association fees in an amount greater than $16,600 (Attachment 9).

12.     My wife is the sole owner of approximately 16.9 acres of farmland in Cecil County, Maryland, that she acquired in 2012 from her aunt and uncle. This land is adjacent to another approximately 180 acres in land owned by her other family members. We agreed to have her purchase the property in 2012 for $200,000 in her name so that we could eventually live near my wife's parents (Attachment 10). We paid about $20,000 at the time of purchase and my wife is a borrower on a mortgage from her aunt and uncle in the amount of $180,000 (Attachment 11). In 2017, my wife and I entered into a forbearance agreement after we had defaulted on the mortgage (Attachment 12). The last payment we made on the mortgage was January 2020 and the current balance on the mortgage is more than $127,000 (Attachment 13). While it is difficult to value raw land, in or about 2018 or 2019, I understand from my mother-in-law that an offer was made for 19 acres of farmland located across the road from my wife's Cecil

County property of approximately $5,800 for per acre. The tax assessed value on the land is $4,200 (Attachment 14) as the land is classified as agricultural.

13.     My wife added me to the title of a condominium she had previously acquired before our marriage in the Belvedere Condominium in Baltimore City, Maryland, in 2008. The tax assessed value on this property is $65,300 (Attachment 15) and the Zillow estimate is $72,559 (Attachment 16). Caliber Home Loans has a mortgage on the condominium that has a current principal balance of approximately $59,949.78 (Attachment 17). In addition, we owe the condominium association substantial amounts for condo fees and other charges pursuant to a settlement agreement between my wife and I and the condominium association (Attachment 18).

14.     I do not have savings account or any retirement accounts, either individually or held jointly with my wife.

15.     I have reviewed the Personal Financial Statement prepared by Ronald Pachino, CPA, and PBMares, LLP, which was based on information provided by me to Mr. Pachino and interviews between Mr. Pachino and me. I hereby affirm that the Personal Financial Statement accurately reflects my wife and my current financial condition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2020.

Mark Johnson

# ATTACHMENT 1

**CLOSED**

# U.S. Bankruptcy Court
## District of Maryland (Baltimore)
### Bankruptcy Petition #: 18-15067

*Date filed:* 04/16/2018
*Date terminated:* 11/25/2018
*Debtor discharged:* 11/07/2018
*341 meeting:* 06/20/2018
*Deadline for objecting to discharge:* 07/23/2018
*Deadline for financial mgmt. course:* 07/23/2018

*Assigned to:* Judge Nancy V. Alquist
Chapter 7
Voluntary
No asset

*Debtor disposition:* Standard Discharge

*Case Administrator:* Todd Sukeena
*Team 3 Phone:* 410-962-0794

| | |
|---|---|
| **Debtor**<br>**Mark Thomas Johnson**<br>9 W. Ridgley Road Ste 120<br>Lutherville Timonium, MD 21093<br>BALTIMORE(COUNTY,NOT CITY)-MD<br>SSN / ITIN: xxx-xx-0102 | represented by **Timothy J Mummert**<br>Timothy J. Mummert, P.A.<br>P.O. Box 2394<br>Glen Burnie, MD 21060<br>(410) 766-1100<br>Email: mummertecf@gmail.com |
| **Trustee**<br>**Charles R. Goldstein**<br>111 S. Calvert Street<br>Suite 1400<br>Baltimore, MD 21202<br>(410) 783-6418<br>Email: trustee@3cubed-as.com | represented by **Charles R. Goldstein**<br>111 S. Calvert St.<br>Suite 1400<br>Baltimore, MD 21202<br>(410) 783-6418<br>Email: trustee@3cubed-as.com |
| **Other Party**<br>**Jessica Jones**<br>c/o Matthew Nahrgang, Esq.<br>35 Evansburg Road<br>Collegeville, PA 19426<br>(610) 489-3041 ph<br>Email: mailto:mnahrgang@verizon.net | represented by **Marc A. Ominsky**<br>The Law Offices of Marc A.<br>Ominsky<br>Century Plaza Building<br>10632 Little Patuxent Parkway<br>Suite 249<br>Columbia, MD 21044<br>443-539-8712<br>Fax : 443-539-8726<br>Email: info@mdlegalfirm.com |

| Filing Date | # | Docket Text |
|---|---|---|
| 11/25/2018 | 58<br>(1 pg) | Final Decree and Close Bankruptcy Case . (Sukeena, Todd) (Entered: 11/25/2018) |
| 11/09/2018 | 57<br>(4 pgs) | BNC Certificate of Mailing - Order of Discharge. (related document(s)55 Order Discharging Debtor). No. of Notices: 23. Notice Date 11/09/2018. (Admin.) (Entered: 11/10/2018) |

| | | |
|---|---|---|
| 11/07/2018 | [56](#)<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s)[54](#) Order on Motion to Extend Time to Object to Discharge). No. of Notices: 3. Notice Date 11/07/2018. (Admin.) (Entered: 11/08/2018) |
| 11/07/2018 | [55](#)<br>(2 pgs) | Order Discharging Debtor (Admin.) (Entered: 11/07/2018) |
| 11/05/2018 | [54](#)<br>(2 pgs) | ORDER DENYING MOTION [ECF 43] OF JESSICA JONES TO EXTEND DEADLINE TO FILE A COMPLAINT OBJECTING TO DISCHARGE(related document(s):[43](#) Motion to Extend Time to Object to Discharge filed by Other Party Jessica Jones. (Sukeena, Todd) (Entered: 11/05/2018) |
| 10/25/2018 | [53](#)<br>(3 pgs; 2 docs) | Withdrawal of Document on behalf of The Belvedere Condominium Filed by John M. Oliveri (related document(s)[49](#) Relief from Stay and Notice of Motion filed by Creditor The Belvedere Condominium, [51](#) Notice of Continuance of Hearing filed by Creditor The Belvedere Condominium). (Attachments: # [1](#) Certificate of Service) (Oliveri, John) (Entered: 10/25/2018) |
| 10/04/2018 | [52](#)<br>(1 pg) | Evidentiary Hearing Held (related document(s)[43](#) Motion to Extend Time to Object to Discharge filed by Other Party Jessica Jones and [46](#) Objection filed by Debtor Mark Thomas Johnson). P. 43 DENIED FOR REASONS STATED WITH PARTICULARITY ON THE RECORD OF HEARING. (Yalley, Joyce) (Entered: 10/10/2018) |
| 10/03/2018 | [51](#)<br>(3 pgs; 2 docs) | Notice of Continuance of Hearing Filed by The Belvedere Condominium (related document(s)[49](#) Relief from Stay and Notice of Motion filed by Creditor The Belvedere Condominium). Hearing scheduled for 10/25/2018 at 02:00 PM at Courtroom 2-A, Baltimore - Judge Alquist. (Attachments: # [1](#) Certificate of Service) (Oliveri, John) (Entered: 10/03/2018) |
| 09/13/2018 | | Returned Mail: mail sent via USPS was returned as undeliverable for the following: Mailed on 08/17/2018 a notice RE: Notice of Hearing TO The Belvedere Condominium Law Office of John M. Oliveri 700 Melvin Avenue Suite 8 Annapolis, MD 21401-1506. (admin) (Entered: 09/13/2018) |
| 09/06/2018 | 50 | Receipt of filing fee for Relief from Stay and Notice of Motion(18-15067) [motion,mrlfntc] ( 181.00). Receipt number 33346359. Fee amount 181.00 (re: Doc # [49](#)) (U.S. Treasury) (Entered: 09/06/2018) |
| 09/06/2018 | [49](#)<br>(61 pgs; 5 docs) | ***Withdrawn at p.53***Motion for Relief from Stay and Notice of Motion Re: 1 East Chase Street, Unit 611, Baltimore, Maryland 21202. Fee Amount $181. Notice Served on 9/6/2018, Filed by The Belvedere Condominium. Objections |

| | | |
|---|---|---|
| | | due by 09/20/2018. with three additional Court days allowed if all parties are not served electronically. Hearing scheduled for 10/04/2018 at 02:00 PM - Courtroom 2-A. (Attachments: # 1 Notice of Motion # 2 Certificate of Service # 3 Exhibit # 4 Exhibit) (Oliveri, John) Modified on 10/25/2018 (Sukeena, Todd). (Entered: 09/06/2018) |
| 08/30/2018 | | Returned Mail: mail sent via USPS was returned as undeliverable for the following: Mailed on 08/17/2018 a notice RE: Notice of Hearing TO First Data 265 Broad Hollow R Melville, NY 11747-4833. (admin) (Entered: 08/30/2018) |
| 08/17/2018 | 48 (3 pgs) | BNC Certificate of Mailing - Hearing. (related document(s)47 Notice of Hearing). No. of Notices: 25. Notice Date 08/17/2018. (Admin.) (Entered: 08/18/2018) |
| 08/15/2018 | 47 (1 pg) | Notice of Hearing (related document(s)43 Motion to Extend Time to Object to Discharge filed by Other Party Jessica Jones and 46 Objection filed by Debtor Mark Thomas Johnson). Hearing scheduled for 10/4/2018 at 11:00 AM at Courtroom 2-A, Baltimore - Judge Alquist. (Devine, Ellen) (Entered: 08/15/2018) |
| 08/06/2018 | 46 (93 pgs; 9 docs) | Objection on behalf of Mark Thomas Johnson Filed by Timothy J Mummert (related document(s)43 Motion to Extend Time to Object to Discharge filed by Other Party Jessica Jones). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8) (Mummert, Timothy) (Entered: 08/06/2018) |
| 07/24/2018 | 45 (1 pg) | ***DUPLICATE AT P.44***Personal Financial Management Course Certificate For Debtor Mark Johnson Provided by Sage Personal Finance. Modified on 7/24/2018 (Sukeena, Todd). (Entered: 07/24/2018) |
| 07/23/2018 | 44 (2 pgs; 2 docs) | Financial Management Course Certificate Filed on Behalf of Mark Thomas Johnson Filed by Timothy J Mummert. (Attachments: # 1 Cerftificate of Debtor Education) (Mummert, Timothy) (Entered: 07/23/2018) |
| 07/23/2018 | 43 (4 pgs) | Motion to Extend Time to Object to Discharge Filed by Jessica Jones. (Ominsky, Marc) (Entered: 07/23/2018) |
| 07/02/2018 | 42 | Chapter 7 Trustee's Report of No Distribution: I, Charles R. Goldstein, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the |

| | | |
|---|---|---|
| | | above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 3 months. Assets Abandoned (without deducting any secured claims): $0.00, Assets Exempt: $1525751.00, Claims Scheduled: $1823482.48, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $1823482.48. Filed by Charles R. Goldstein (related document(s)7 Meeting of Creditors Chapter 7). (Goldstein, Charles) (Entered: 07/02/2018) |
| 05/31/2018 | | The Debtor(s) is/are certified as having complied with all filing requirements of 11 U.S.C. Sec. 521(a)(1), with the exception of subparagraph 521(a)(1)(B)(iv), which is not filed with the Court pursuant to LBR 1007-4. (Sukeena, Todd) (Entered: 05/31/2018) |
| 05/24/2018 | 41 | Statement Adjourning 341(a) Meeting of Creditors. Section 341(a) Meeting Continued on 6/20/2018 at 10:00 AM at 341 meeting room 2650 at 101 W. Lombard St., Baltimore. Debtor appeared. (Goldstein, Charles) (Entered: 05/24/2018) |
| 05/21/2018 | 40 (2 pgs) | Certificate of Service Filed by Timothy J Mummert (related document(s)28 Summary of Assets and Liabilities filed by Debtor Mark Thomas Johnson, 29 Schedule A/B filed by Debtor Mark Thomas Johnson, 30 Schedule C filed by Debtor Mark Thomas Johnson, 31 Schedule D - Creditors Holding Secured Claims filed by Debtor Mark Thomas Johnson, 32 Schedule E/F filed by Debtor Mark Thomas Johnson, 33 Schedule G filed by Debtor Mark Thomas Johnson, 34 Schedule H filed by Debtor Mark Thomas Johnson, 35 Schedule I - Average Income filed by Debtor Mark Thomas Johnson, 36 Schedule J - Current Expenditures filed by Debtor Mark Thomas Johnson, 37 Declaration About Individual Debtors Schedules filed by Debtor Mark Thomas Johnson, 38 Statement of Financial Affairs filed by Debtor Mark Thomas Johnson, 39 Statement of Intent filed by Debtor Mark Thomas Johnson). (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/21/2018 | 39 (3 pgs) | Statement of Intent on behalf of Mark Thomas Johnson Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/21/2018 | 38 (14 pgs) | Statement of Financial Affairs for Individual on behalf of Mark Thomas Johnson Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/21/2018 | 37 (1 pg) | Declaration About Individual Debtor's Schedules Filed by Timothy J Mummert (related document(s)28 Summary of Assets and Liabilities filed by Debtor Mark Thomas Johnson, 29 Schedule A/B filed by Debtor Mark Thomas Johnson, 30 |

| | | |
|---|---|---|
| | | Schedule C filed by Debtor Mark Thomas Johnson, 31 Schedule D - Creditors Holding Secured Claims filed by Debtor Mark Thomas Johnson, 32 Schedule E/F filed by Debtor Mark Thomas Johnson, 33 Schedule G filed by Debtor Mark Thomas Johnson, 34 Schedule H filed by Debtor Mark Thomas Johnson, 35 Schedule I - Average Income filed by Debtor Mark Thomas Johnson, 36 Schedule J - Current Expenditures filed by Debtor Mark Thomas Johnson). (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/21/2018 | 36 (3 pgs) | Schedule J: Individual - Your Expenses on behalf of Mark Thomas Johnson Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/21/2018 | 35 (2 pgs) | Schedule I: Individual - Your Income on behalf of Mark Thomas Johnson Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/21/2018 | 34 (2 pgs) | Schedule H: - Codebtors Individual on behalf of Mark Thomas Johnson Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/21/2018 | 33 (1 pg) | Schedule G: : Individual - Executory Contracts and Unexpired Leases on behalf of Mark Thomas Johnson Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/21/2018 | 32 (12 pgs) | Schedule E/F: Creditors Who Have Unsecured Claims for Individual Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/21/2018 | 31 (3 pgs) | Schedule D : Individual - Creditors Having Claims Secured by Property on behalf of Mark Thomas Johnson Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/21/2018 | 30 (2 pgs) | Schedule C on behalf of Mark Thomas Johnson Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/21/2018 | 29 (10 pgs) | Schedule A/B: Property for Individual Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/21/2018 | 28 (2 pgs) | Summary of Assets and Liabilities Schedules for Individual on behalf of Mark Thomas Johnson Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/21/2018 | 27 | Receipt of filing fee for Amended Creditor Matrix(18-15067) [misc,amdcma] ( 31.00). Receipt number 32734300. Fee amount 31.00 (re: Doc # 26) (U.S. Treasury) (Entered: 05/21/2018) |
| 05/21/2018 | 26 (3 pgs; 3 docs) | Amendment to List of Creditors.. Fee Amount $31 Filed by Timothy J Mummert. (Attachments: # 1 Certificate of Service |

| | | |
|---|---|---|
| | | # 2 Verifcation of Amended Creditor Matrix) (Mummert, Timothy) (Entered: 05/21/2018) |
| 05/18/2018 | 25<br>(4 pgs; 2 docs) | Notice of Appearance and Request for Notice Filed by John M. Oliveri The Belvedere Condominium. (Attachments: # 1 Certificate of Service) (Oliveri, John) (Entered: 05/18/2018) |
| 05/15/2018 | 24<br>(1 pg) | Statement Under Penalty of Perjury Re: Payment Advices on behalf of Mark Thomas Johnson Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 05/15/2018) |
| 05/04/2018 | 23<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s)21 Order on Motion to Extend Time). No. of Notices: 1. Notice Date 05/04/2018. (Admin.) (Entered: 05/05/2018) |
| 05/03/2018 | 22<br>(2 pgs) | BNC Certificate of Mailing. (related document(s)20 Deficiency Notice). No. of Notices: 1. Notice Date 05/03/2018. (Admin.) (Entered: 05/04/2018) |
| 05/02/2018 | 21<br>(1 pg) | Notice and Order Granting Motion to Extend Time To File Missing Documents, RESPONSIVE DOCUMENTS TO BE FILED ON OR BEFORE MAY 21,2018. (related document(s):19 Motion to Extend Time filed by Debtor Mark Thomas Johnson). Statement of Financial Affairs due 5/21/2018. Schedules A/B-J due 5/21/2018. Summary of Assets and Liabilities due 5/21/2018. Incomplete Filings due 5/21/2018 (Sukeena, Todd) (Entered: 05/02/2018) |
| 05/01/2018 | 20<br>(1 pg) | Deficiency Notice (related document(s)17 Amended Creditor Matrix filed by Debtor Mark Thomas Johnson). Cured Pleading due by 5/15/2018. (Sukeena, Todd) (Entered: 05/01/2018) |
| 04/30/2018 | 19<br>(4 pgs; 2 docs) | Motion to Extend Time to File Schedules A/B through J, Summary of Schedules, Statements of Financial Affairs Filed by Mark Thomas Johnson. (Attachments: # 1 Proposed Order) (Mummert, Timothy) (Entered: 04/30/2018) |
| 04/30/2018 | 18 | Receipt of filing fee for Amended Creditor Matrix(18-15067) [misc,amdcma] ( 31.00). Receipt number 32605694. Fee amount 31.00 (re: Doc # 17) (U.S. Treasury) (Entered: 04/30/2018) |
| 04/30/2018 | 17<br>(2 pgs; 2 docs) | Amendment to List of Creditors.. Fee Amount $31 Filed by Timothy J Mummert. (Attachments: # 1 List of All Creditors) (Mummert, Timothy) (Entered: 04/30/2018) |
| 04/28/2018 | | Returned Mail: mail sent via USPS was returned as undeliverable for the following: Mailed on 04/19/2018 a notice RE: Meeting of Creditors Chapter 7 TO Merrick 55 East Ames Ct Plainview, NY 11803-2304. (admin) (Entered: 04/28/2018) |

| | | |
|---|---|---|
| 04/23/2018 | [16](1 pg) | Creditor Request for Notices Filed by BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP. (Parmar, Sejal) (Entered: 04/23/2018) |
| 04/23/2018 | [15](1 pg) | Creditor Request for Notices Filed by BMW Bank of North America, c/o AIS Portfolio Services, LP. (Parmar, Sejal) (Entered: 04/23/2018) |
| 04/19/2018 | [14](2 pgs) | BNC Certificate of Mailing. (related document(s)[8] Notice of Deadline for Filing Statement of Intention). No. of Notices: 1. Notice Date 04/19/2018. (Admin.) (Entered: 04/20/2018) |
| 04/19/2018 | [13](2 pgs) | BNC Certificate of Mailing. (related document(s)[9] Notice of Deadline for Filing Missing Documents). No. of Notices: 1. Notice Date 04/19/2018. (Admin.) (Entered: 04/20/2018) |
| 04/19/2018 | [12](2 pgs) | BNC Certificate of Mailing - Notice of Requirement to Complete Financial Management Course. (related document(s)[7] Meeting of Creditors Chapter 7). No. of Notices: 2. Notice Date 04/19/2018. (Admin.) (Entered: 04/20/2018) |
| 04/19/2018 | [11](4 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (related document(s)[7] Meeting of Creditors Chapter 7). No. of Notices: 20. Notice Date 04/19/2018. (Admin.) (Entered: 04/20/2018) |
| 04/17/2018 | [10](1 pg) | Creditor Request for Notices Filed by Synchrony Bank. (Smith, Valerie) (Entered: 04/17/2018) |
| 04/17/2018 | [9](1 pg) | Notice of Deadline for Filing Missing Documents and Warning of Possible Dismissal. Schedules A/B-J due 4/30/2018. Declaration for Schedules due 4/30/2018. Statement of Financial Affairs due 4/30/2018. Summary of Assets and Liabilities due 4/30/2018. Incomplete Filings due 4/30/2018 (Sukeena, Todd) (Entered: 04/17/2018) |
| 04/17/2018 | [8](1 pg) | Notice of Deadline for Filing Statement of Intention. Statement of Intent due 5/17/2018. (Sukeena, Todd) (Entered: 04/17/2018) |
| 04/17/2018 | | Notice of Prior Filing for debtor Mark Thomas Johnson Case Number [95-56249], Chapter 13 filed in Maryland Bankruptcy Court on 08/30/1995.(Admin) (Entered: 04/17/2018) |
| 04/16/2018 | 6 | Receipt of filing fee for Voluntary Petition (Chapter 7)(18-15067) [misc,volp7a] ( 335.00). Receipt number 32521256. Fee amount 335.00 (re: Doc # [1]) (U.S. Treasury) (Entered: 04/16/2018) |
| 04/16/2018 | [5](3 pgs) | Chapter 7 Statement of Your Current Monthly Income Form 122A-1 and Statement of Exemption from Presumption of Abuse Form 122A-1Supp The Debtor has Primarily Non- |

| | | Consumer Debts. Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 04/16/2018) |
|---|---|---|
| 04/16/2018 | [4](#) | Social Security Number Verification Page on behalf of Mark Thomas Johnson Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 04/16/2018) |
| 04/16/2018 | [7](#)<br>(3 pgs; 2 docs) | Meeting of Creditors & Notice of Appointment of Interim Trustee Charles R. Goldstein, with 341(a) meeting to be held on 05/23/2018 at 11:00 AM at 341 meeting room 2650 at 101 W. Lombard St., Baltimore. Objections for Discharge due by 07/23/2018. Financial Management Course due by 07/23/2018. (Entered: 04/16/2018) |
| 04/16/2018 | [3](#)<br>(3 pgs) | Disclosure of Compensation of Attorney for Debtor Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 04/16/2018) |
| 04/16/2018 | [2](#)<br>(1 pg) | Certificate of Credit Counseling on Behalf of Mark Thomas Johnson Filed by Timothy J Mummert. (Mummert, Timothy) (Entered: 04/16/2018) |
| 04/16/2018 | [1](#)<br>(13 pgs) | Chapter 7 Voluntary Petition Individual. Fee Amount $335 Filed by Mark Thomas Johnson. Section 521(i)(1) Incomplete Filing date: 05/31/2018. (Mummert, Timothy) (Entered: 04/16/2018) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/20/2020 10:48:46 | | |
| **PACER Login:** | wsheyman:4037024:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 18-15067 Fil or Ent: filed From: 1/1/1990 To: 11/20/2020 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# ATTACHMENT 2

**Fill in this information to identify your case:**

Debtor 1    Mark Thomas Johnson
             First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)    First Name          Middle Name          Last Name

United States Bankruptcy Court for the:  District of Maryland

Case number    18-15067
                (If known)

☐ Check if this is an amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

**Your assets**
Value of what you own

1.  *Schedule A/B: Property* (Official Form 106A/B)
    1a. Copy line 55, Total real estate, from *Schedule A/B*........................................    $ 870,000.00

    1b. Copy line 62, Total personal property, from *Schedule A/B*........................    $ 38,039.00

    1c. Copy line 63, Total of all property on *Schedule A/B*...................................    $ 908,039.00

### Part 2:    Summarize Your Liabilities

**Your liabilities**
Amount you owe

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)
    2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D* ...........    $ 922,685.28

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)
    3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*.............................    $ 89,351.49

    3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*.......................    + $ 811,445.71

    **Your total liabilities**    $ 1,823,482.48

### Part 3:    Summarize Your Income and Expenses

4.  *Schedule I: Your Income* (Official Form 106I)
    Copy your combined monthly income from line 12 of *Schedule I* ...................................................    $ 7,800.00

5.  *Schedule J: Your Expenses* (Official Form 106J)
    Copy your monthly expenses from line 22c of *Schedule J* .............................................................    $ 8,324.00

Debtor 1  Mark Thomas Johnson                                    Case number (*if known*) 18-15067
          First Name    Middle Name    Last Name

---

| **Part 4:** | **Answer These Questions for Administrative and Statistical Records** |
|---|---|

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.
   ☑ Yes

7. **What kind of debt do you have?**

   ☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☑ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

   $ _____

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 77,651.49 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | + $ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 77,651.49 |

# ATTACHMENT 3

| | | | |
|---|---|---|---|
| 22222 | **a** Employee's social security number | OMB No. 1545-0008 | |

| **b** Employer identification number (EIN) | **1** Wages, tips, other compensation | **2** Federal income tax withheld |
|---|---|---|
| 82-5370095 | $68,400.00 | $3,689.27 |

| **c** Employer's name, address, and ZIP code | **3** Social security wages | **4** Social security tax withheld |
|---|---|---|
| MH of North America | $68,400.00 | |
| 20 E. Timonium Rd.       443-789-5544 | **5** Medicare wages and tips | **6** Medicare tax withheld |
| Suite 112 | $68,400.00 | |
| Timonium       MD   21093   United States | **7** Social security tips | **8** Allocated tips |

| **d** Control number | **9** Verification code | **10** Dependent care benefits |
|---|---|---|
| | | |

| **e** Employee's first name and initial   Last name           Suff. | **11** Nonqualified plans | **12a** |
|---|---|---|
| Mark T.            Johnson | | |
| 7014 Rock Stream Ct.       443-791-4847 | **13** Statutory employee  Retirement plan  Third-party sick pay | **12b** |
| | **14** Other | **12c** |
| Baltimore       MD   21209   United States | | **12d** |
| **f** Employee's address and ZIP code | | |

| **15** State | Employer's state ID number | **16** State wages, tips, etc. | **17** State income tax | **18** Local wages, tips, etc. | **19** Local income tax | **20** Locality name |
|---|---|---|---|---|---|---|
| MD | 17583497 | $68,400.00 | | | | |

**Form** **W-2** **Wage and Tax Statement**   **2018**     Department of the Treasury—Internal Revenue Service

Copy 1—For State, City, or Local Tax Department

# ATTACHMENT 4

| 22222 | a Employee's social security number | OMB No. 1545-0008 | | |
|---|---|---|---|---|

| b Employer identification number (EIN) | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|
| 82-5370095 | $68,652.00 | $3,862.00 |

| c Employer's name, address, and ZIP code | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| MH of North America | $68,652.52 | 4256.46 |
| 20 E. Timonium Rd. 443-789-5544 | 5 Medicare wages and tips | 6 Medicare tax withheld |
| Suite 112 | $68,652.00 | 995.46 |
| Timonium MD 21093 United States | 7 Social security tips | 8 Allocated tips |

| d Control number | 9 | 10 Dependent care benefits |
|---|---|---|

| e Employee's first name and initial | Last name | Suff. | 11 Nonqualified plans | 12a |
|---|---|---|---|---|
| Mark T. | Johnson | | | |
| 7014 Rock Stream Ct. 443-791-4847 | | | 13 Statutory employee ☐ Retirement plan ☐ Third-party sick pay ☐ | 12b |
| Baltimore MD 21209 United States | | | 14 Other | 12c |
| | | | | 12d |

f Employee's address and ZIP code

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| MD | 17583497 | $68,400.00 | 3154.12 | | | |

**Form W-2** Wage and Tax Statement **2019**

Department of the Treasury—Internal Revenue Service

Copy 1—For State, City, or Local Tax Department

# ATTACHMENT 5

Real Property Data Search

Search Result for BALTIMORE COUNTY

| View Map | View GroundRent Redemption | View GroundRent Registration |
|---|---|---|

**Special Tax Recapture:** None

**Account Identifier:**     **District - 03 Account Number - 2400009709**

*Owner Information*

| Owner Name: | JOHNSON MARK T<br>SWEARS COURTNEY | Use: | RESIDENTIAL |
|---|---|---|---|
| | | Principal Residence: | YES |
| Mailing Address: | 7014 ROCKSTREAM CT<br>BALTIMORE MD 21209-3745 | Deed Reference: | /25396/ 00001 |

*Location & Structure Information*

| Premises Address: | 7014 ROCKSTREAM CT<br>BALTIMORE MD 21209-3745 | Legal Description: | 0.198AC AREA I<br>7014 ROCKSTREAM CT NS<br>GREENSPRING QUARRY |
|---|---|---|---|

| Map: | Grid: | Parcel: | Neighborhood: | Subdivision: | Section: | Block: | Lot: | Assessment Year: | Plat No: | 2 |
|---|---|---|---|---|---|---|---|---|---|---|
| 0068 | 0024 | 0142 | 3050058.04 | 0000 | | | 18 | 2020 | Plat Ref: | 0077/ 0124 |

**Town:** None

| Primary Structure Built | Above Grade Living Area | Finished Basement Area | Property Land Area | County Use |
|---|---|---|---|---|
| 2007 | 3,708 SF | 1000 SF | 8,624 SF | 04 |

| Stories | Basement | Type | Exterior | Quality | Full/Half Bath | Garage | Last Notice of Major Improvements |
|---|---|---|---|---|---|---|---|
| 2 | YES | STANDARD UNIT | FRAME/ | 6 | 4 full/ 1 half | 2 Attached | |

*Value Information*

| | Base Value | Value<br>As of<br>01/01/2020 | Phase-in Assessments<br><br>As of<br>07/01/2020 | <br><br>As of<br>07/01/2021 |
|---|---|---|---|---|
| Land: | 256,600 | 256,600 | | |
| Improvements | 519,700 | 526,000 | | |
| Total: | 776,300 | 782,600 | 778,400 | 780,500 |
| Preferential Land: | 0 | | 0 | 0 |

*Transfer Information*

| Seller: BEAZER HOMES CORP | Date: 03/23/2007 | Price: $971,347 |
|---|---|---|
| Type: ARMS LENGTH IMPROVED | Deed1: /25396/ 00001 | Deed2: |
| Seller: ARUNDEL CORPORATION | Date: 03/16/2005 | Price: $24,185,000 |
| Type: ARMS LENGTH MULTIPLE | Deed1: /21565/ 00646 | Deed2: |
| Seller: | Date: | Price: |
| Type: | Deed1: | Deed2: |

*Exemption Information*

| Partial Exempt Assessments: | Class | 07/01/2020 | 07/01/2021 |
|---|---|---|---|
| County: | 000 | 0.00 | |
| State: | 000 | 0.00 | |
| Municipal: | 000 | 0.00|0.00 | 0.00|0.00 |

**Special Tax Recapture:** None

*Homestead Application Information*

**Homestead Application Status:** No Application

*Homeowners' Tax Credit Application Information*

**Homeowners' Tax Credit Application Status:** No Application     **Date:**

# ATTACHMENT 6







**4** bd | **5** ba | **4,708** sqft

7014 Rock Stream Ct, Baltimore, MD 21209

● Off market | Zestimate®: **$869,797** | Rent Zestimate®: **$3,450/mo**

**Est. refi payment:** $5,309/mo   $ **Refinance your loan**

Home value    Owner tools    Home details    Neighborhood details    Similar ›

# Home value

Zestimate
## $869,797

      

# ATTACHMENT 7

Representation of Printed Document



# Shellpoint
## Mortgage Servicing

**DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS**
P.O. Box 619063 • Dallas, TX 75261-9063

7-811-12046-0048716-005-000-010-000-000

COURTNEY E SWEARS
20 E TIMONIUM RD STE 112
TIMONIUM MD 21093-3419

# MORTGAGE STATEMENT
Statement Date: 10/18/2020

| Account Number | |
|---|---|
| **Next Due Date** | 11/01/2020 |
| **Amount Due** | **$13,883.26** |

*If payment is received after 11/16/2020, $0.00 late fee may be assessed.*

| Phone: | 866-316-4706 |
|---|---|
| Website: | www.shellpointmtg.com |

### Explanation of Amount Due

| | |
|---|---|
| Principal | $951.80 |
| Interest | $1,038.56 |
| Escrow (Taxes and Insurance) | $1,133.31 |
| **Regular Monthly Payment** | **$3,123.67** |
| Total Fees and Charges | $0.00 |
| Overdue Payment | $10,759.59 |
| **Total Amount Due** | **$13,883.26** |

### Account Information

| | |
|---|---|
| Outstanding Principal | $625,983.33 |
| Interest Rate (until 09/01/2022) | 2.0000% |
| Prepayment Penalty | None |
| Property Address: | 7014 ROCKSTREAM CT |
| | BALTIMORE MD 21209 |
| Contractual Due Date: | August 1, 2020 |
| Current Escrow Balance: | $789.10 |

### Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $945.48 | $8,452.90 |
| Interest | $1,044.88 | $9,460.34 |
| Escrow | $1,133.31 | $10,560.92 |
| Fees/Late Charges | $0.00 | $1,293.76 |
| **Total** | **$3,123.67** | **$29,767.92** |

### Transaction Activity (09/18/2020 - 10/17/2020)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 09/24/2020 | Regular Payment - (Due 7/1/2020) | $0.00 | $3,123.67 |

### Important Messages

*Partial Payments: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account according to applicable state law. If you pay the balance of a partial payment, the funds will be applied to your mortgage.

### Additional Messages

**Affected by COVID-19?** Assistance may be available. We offer relief options, such as a forbearance - a temporary suspension of payments and payment deferment. Visit our website www.shellpointmtg.com or call us at 866-825-2174 to see if you qualify.

**For questions regarding the servicing of your loan, please contact us at** 866-316-4706 Monday-Friday 8:00AM-10:00PM, and Saturday 8:00AM-3:00PM.

Repayment options may be available to you. Call 866-316-4706 to discuss payment arrangements. Failure to act on this matter may result in us exercising our legal rights as permitted by the contract and applicable state laws.

Federal law requires us to tell you how we collect, share, and protect your personal information. Our Privacy Policy has not changed. You can review our policy and practices with respect to your personal information at www.shellpointmtg.com or request a copy to be mailed to you by calling us at 866-316-4706.

**For information about your payments, total amount due, and any additional payment history, see reverse side.**

### **Delinquency Notice**

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of 10/18/2020, you are 78 days delinquent on your mortgage loan.

**Recent Account History**
o Payment due 05/01/20: fully paid on 08/19/20
o Payment due 06/01/20: fully paid on 08/19/20
o Payment due 07/01/20: fully paid on 09/24/20
o Payment due 09/01/20: unpaid balance of $3,123.67
o Payment due 10/01/20: unpaid balance of $3,123.67
o Payment due 10/01/20: unpaid balance of $4,512.25
o Payment due 11/01/20: current payment due
o Total: $13,883.26 due. **You must pay this amount to bring your loan current.**

If You Are Experiencing Difficulty: Please refer to the back of this statement for additional messages about mortgage counseling and assistance.

005-0814-1100F

Detach and return with payment.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



# Shellpoint
## Mortgage Servicing

| Loan Number: | |
|---|---|
| COURTNEY E SWEARS | |

Property Address:
7014 ROCKSTREAM CT
BALTIMORE MD 21209

SHELLPOINT MORTGAGE SERVICING
PO BOX 740039
CINCINNATI OH 45274-0039

### Amount Due

| | |
|---|---|
| Payment Due Date | 11/01/2020 |
| Total Amount Due | $13,883.26 |

*$0.00 late fee may be charged after 11/16/2020*

Please write clearly inside space provided

| | |
|---|---|
| Payment Amount | $ |
| Additional Principal | $ |
| Late / Other Charges | $ |
| Additional Escrow | $ |
| **Total Amount Enclosed**
(Please do not send cash) | $ |

INTERNET REPRINT

**Important Notice:** NewRez LLC dba Shellpoint Mortgage Servicing is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. NewRez LLC dba Shellpoint Mortgage Servicing's NMLS ID is 3013.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

**Notice of Error or Information Request Address**
You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write to us at the following address:

Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603

For budget advice and credit counseling assistance please call the U.S. Department of Housing and Urban Development (HUD) at 800-569-4287 or at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Amounts paid in excess of your payment amount will first be used to satisfy any delinquency. If there are no past due amounts then excess funds paid will be posted to your principal balance. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Shellpoint Mortgage Servicing may assess a returned check fee consistent with the laws for your state and your loan documents on all checks returned by your financial institution. Additionally, Shellpoint may charge a fee for processing payoff requests.

Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan Español al número 866-316-4706.

If you prefer to receive communication in a language other than English, please contact us at 866-316-4706 to speak with a translator in your preferred language about the servicing of your loan or a document you received.

A successor in interest is someone who acquires an ownership interest in a property secured by a mortgage loan by transfer upon the death of a relative, as a result of a divorce or legal separation, through certain trusts, between spouses, from a parent to a child, or when a borrower who is a joint tenant or tenant by the entirety dies. If you are a successor in interest, or you think you might be, please contact by phone, mail or email to start the confirmation process.

Please be advised that Shellpoint utilizes third-party providers in connection with the servicing of your loan, but Shellpoint remains responsible for all actions taken by third-party providers.

--- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- ---

## Address, Phone, and Name Changes

**\*\*Please remember:**
Name changes require a signature and a copy of a legal document noting the new name. Examples of legal documents are marriage licenses and divorce decrees.

Type of change (check all that apply)

_____ Address _____ Phone _____ Name\*\* _____ Email Address

Your Account # _____  Social Security Number: _____

Old Borrower Name: _____  New Borrower Name: _____

Old Co-Borrower Name: _____  New Co-Borrower Name: _____

Borrower Signature: _____  Co-Borrower Signature: _____

New Mailing Address: _____

_____

_____

_____

New Phone Number: Day ( _ _ _ )  _ _ _ - _ _ _ _   Evening  ( _ _ _ )  _ _ _ - _ _ _ _   Email Address _____

INTERNET REPRINT

# ATTACHMENT 8



**Planet Home Lending**
WE'LL GET YOU HOME

321 Research Pkwy, Ste 303
Meriden, CT 06450
NMLS ID# 17022

**ADDRESS SERVICE REQUESTED**

006493
COURTNEY E SWEARS
20 E TIMONIUM RD.SUITE:112
BALTIMORE, MD 21093

| CUSTOMER SERVICE |
| --- |

Website: www.planethomelending.com
Customer Service: (866) 882-8187
Email: cs@myloansupport.com

| AMOUNT DUE | |
| --- | --- |
| Loan Number: | |
| As of Date: | 10/16/2020 |
| **Amount Due to Reinstate:** | **$9,008.75** |

Please note, after 10/16/2020, this amount may not be sufficient to reinstate your loan as additional fees, charges, or attorney fees/costs may have been incurred but not yet invoiced or processed as of the Statement Date, or may have been incurred after the Statement Date. Please contact us at the number above to obtain the current amount due.

| ACCOUNT INFORMATION | |
| --- | --- |
| Loan Due Date | 06/01/2019 |
| Principal Balance | $127,919.18 |
| 2nd Principal Balance | $0.00 |
| Interest Rate | 3.750% |
| Prepayment Penalty | No |
| Current Escrow Balance | $0.00 |
| Payment Reserve Balance | $0.00 |
| Other Reserves Balance | $0.00 |

| EXPLANATION OF AMOUNT DUE | |
| --- | --- |
| Overdue Payments | $9,546.69 |
| Total Fees and Charges | $0.00 |
| Unapplied | ($537.94) |
| **Total Amount Due to Reinstate Loan** | **$9,008.75** |
| **Accelerated Amount Due to Payoff Loan:** | **$146,693.97 e** |
| | e=Estimate |

Please Note: The Total Amount Due to Reinstate the Loan or the Accelerated Amount Due to Payoff the Loan will be accepted through 10/16/2020 and must be paid with guaranteed or certified funds. Interest, fees and/or charges may continue to accrue daily. After 10/16/2020, you must contact us to obtain a current Payoff Amount. Unless you pay off your loan before 11/01/2020, another monthly payment of $561.57 will become due.

| TRANSACTION ACTIVITY (10/08/20 to 10/16/20) | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Date Paid | Description | Principal | Interest | Escrow | Other | Fees and Charges | Total |
| | | | | | | | |

| PAST PAYMENTS BREAKDOWN | Paid Last Month | Paid Year to Date |
| --- | --- | --- |
| Principal | $0.00 | $7,462.85 |
| Interest | $0.00 | $6,790.56 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Other | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Partial Payment (Unapplied)** | $0.00 | $537.94 |
| Total | $0.00 | $14,791.35 |

**Important Information About Partial Payments**

** **Partial Payments**: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate "unapplied" account. If you pay the balance of the partial payment, the funds will then be applied to your mortgage.

| *** DELINQUENCY NOTICE *** |
| --- |

As of October 16, 2020, you are 503 days contractually delinquent on your mortgage loan; however, you are currently participating in a **Repayment Plan**. Please note that the amount due and payment coupon are based upon the amount contractually due and not on the amount due under any temporary loss mitigation plan. Failure to bring your loan current or make timely payments in accordance with your loss mitigation plan may result in cancellation of the plan as well as additional fees and foreclosure - the loss of your home.

**Recent Account History**
* Payment Due 05/01/20 Unpaid Amount of $561.57.
* Payment Due 06/01/20 Unpaid Amount of $561.57.
* Payment Due 07/01/20 Unpaid Amount of $561.57.
* Payment Due 08/01/20 Unpaid Amount of $561.57.
* Payment Due 09/01/20 Unpaid Amount of $561.57.
* Payment Due 10/01/20 Unpaid Amount of $561.57.
**Total Amount Due: $9,008.75. You must pay this amount to bring your loan current.**

**If you are experiencing financial difficulty:** See back for information about mortgage counseling assistance.

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Detach here and send this portion of the statement with your payment. Retain top portion for your records.*

| AMOUNT DUE | |
| --- | --- |
| Loan Number | |
| Borrower | COURTNEY E SWEARS |
| **As of Date:** | **10/16/2020** |
| **Amount Due to Reinstate:** | **$9,008.75** |

☐ *Check this box if address form completed on the reverse.*

**Planet Home Lending, LLC**
P.O. Box 69197
Baltimore, MD 21264-9197

*Please write your loan number on your check or money order.*

*Please do not send any correspondence with your payment.*

| | | |
| --- | --- | --- |
| Monthly Payment Amount | $ | |
| Additional Principal | $ | |
| Additional Escrow | $ | |
| Late Fees | $ | |
| Other** (Please Specify) | $ | |
| TOTAL ENCLOSED | $ | |

5712000011330000561570000000900875000056157 0

***Important Information:***

If you would like contact information for counseling agencies or programs in your area, call the U.S. Department of Housing and Urban Development (HUD) at **800-569-4287** or visit **www.hud.gov/offices/sfh/hcc/hcs.cfm.**

Your mortgage loan is one of the most important financial obligations an individual will ever make. An important part of that responsibility is making your payments on or before the due date. Your loan is delinquent if the payment is not received on or before the due date. Payments are credited upon receipt, not by the postmark date.

| **Payments — Lockbox:** | **Automated Payments:** | **Payments — Overnight:** | **Customer Service:** |
|---|---|---|---|
| Planet Home Lending, LLC<br>P.O. Box 69197<br>Baltimore, MD 21264-9197 | Online: www.planethomelending.com<br>By Phone: 866-882-8187 | Planet Home Lending, LLC<br>321 Research Parkway, Suite 303<br>Meriden, CT 06450 | **866-882-8187**<br><br>Our Customer Service Representatives are ready to assist you with all of your needs. You may contact us Monday through Friday, 8:30 a.m. to 9:00 p.m. Eastern Time. Please have your account number and social security number ready. |

- Payments processed with an agent by 9 p.m. Eastern Time will be processed same day.
- Overnight payments not received by 5 p.m. Eastern Time will be processed the next business day.
- Please note payments in excess of $10,000.00 are required to be made with guaranteed or certified funds.

The Fair and Accurate Credit Transaction Act of 2003 requires us to notify you that we may report information about your account to the credit bureaus.
Late payments, missed payments or other defaults on your account may be reflected in your credit report.

### Fee Schedule*

| | |
|---|---|
| Assumption Fee | $Per Loan Type |
| Late Fee | $Per State Law |
| NSF Fee | $Per State Law |
| Recording Fee | $Per State Law |
| Release Fee | $Per State Law |
| Subordination Fee | $300.00 |
| Wire Fee | $10.00 |

***Fees are subject to change without prior notice
All Fees are Subject to State Law**

### Website Information
**www.planethomelending.com**

Get your bill faster by registering to receive electronic statements or visit our secure website at your convenience and utilize the many services offered:

- Make Your Mortgage Payment
- View Current Loan Information and Activity
- View Tax and Insurance Information
- Enroll In Our Automatic Payment Program
- Sign Up to Receive Your Year-End Mortgage Interest Statement
- Apply for Homeowner's Assistance

**If you wish to contact us in writing to assert an error or make an information request, you must use the following address:**
Planet Home Lending, LLC
P.O. Box 1001
Meriden, CT 06450

### 24-Hour Automated Account Information

For fast, convenient service, Planet Home Lending is pleased to offer 24-Hour Automated Account Information. This service allows you to:

- Make your mortgage payment
- Receive your general loan information
- Obtain your year-end interest paid
- Get instructions to request a payoff statement and so much more!!

To access our automated system, please call 866-882-8187 and follow the prompts. Please have your account number and social security number ready.

### Hazard Insurance Reminder:

To protect our mutual interest, Planet Home Lending, LLC ("Planet") must be named in the mortgagee clause. Please keep in mind it is your responsibility to maintain proper and sufficient hazard insurance coverage as well as flood insurance where required. Failure to maintain and provide Planet with evidence of insurance prior to the expiration may result in us obtaining coverage to protect our interest. Planet should be notified of any loss that occurs to your property. Updates and Bills should be mailed to the following address: **Planet Home Lending, LLC, P.O. Box 5023, Troy, MI 48007-5023, Toll Free #: 855-211-0690**

### Real Estate Tax Information:

Please note that some tax districts will only release tax bills to the homeowners, in this case it is the homeowners responsibility to forward the tax bill if your loan is escrowed. Please write your loan number on the bill and mail to the address below. In addition, supplemental tax bills are the responsibility of the property owner as well as filing for any exemptions. **Planet Home Lending, LLC, 321 Research Parkway, Suite 303, Meriden, CT 06450, ATTN: Tax Department**

### Payoff Statements:

Payoff statements may be obtained by submitting a signed request and faxing it to 443-927-1245 or mail to the address below. Please allow for a three business day turnaround time for payoff statements that are mailed or faxed. No verbal information can be provided. If you send less money than requested to pay your loan in full, interest will continue to accrue and the loan will not be released. Payoff request and funds must be sent to the following address: **Planet Home Lending, LLC, 321 Research Parkway, Suite 303, Meriden, CT 06450, ATTN: Payoffs**

***Please note payoff funds are required to be made with guaranteed or certified funds.**

**Equal Housing Lender.** Planet Home Lending, LLC | 321 Research Parkway, Suite 303, Meriden, CT 06450 203-265-5090 | NMLS Consumer | For licensing information, go to: www.nmlsconsumeraccess.org | NMLS ID #17022, AZ Mtg. Banker Lic MB-0929069, Licensed by the Dept. of Business Oversight under the CA Residential Mtg. Lending Lic #: 4130947, GA Residential Mtg. Lic #24035, IL Residential Mtg. Licensee, Licensed by the NH Banking Dept., Licensed by the NJ Dept. of Banking and Insurance, OH Mortgage Broker Act Mtg., Rhode Island Licensed Lender, TX location 5020 Riverside Dr, Suite 300, Irving, TX 75039

**FOR ARKANSAS RESIDENTS:** Please be advised that Planet Home Lending, LLC is licensed with the Securities Department for the State of Arkansas. Borrowers may file complaints about Planet Home Lending, LLC with the Arkansas Securities Department. Borrowers may also obtain further information from the Arkansas Securities Department by calling 501-324-9260 or by visiting the Department's website at: http://www.securities.arkansas.gov.

**FOR MASSACHUSETTS RESIDENTS:** NOTICE OF IMPORTANT RIGHTS. You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the creditor.

**FOR NEW YORK RESIDENTS:** Please be advised that Planet Home Lending, LLC doing business as Planet Home Servicing ("Planet") is registered with the Superintendent of Financial Services for the State of New York. Borrowers may file complaints about Planet with the New York State Department of Financial Services. Borrowers may also obtain further information from the New York State Department by calling the Department's Consumer Assistance Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov. A list of non-profit housing counselors can be found at http://www.dfs.ny.gov/consumer/mortg_nys_np_counseling_agencies.htm. You can also contact Planet for any complaints and inquiries regarding your loan at 321 Research Parkway, Suite 303, Meriden, CT 06450 or 866-882-8187.

**FOR OREGON RESIDENTS:** Residential mortgage loan servicers are regulated by the Oregon Division of Financial Regulation. To file a complaint, call 888-877-4894 or visit http://dfr.oregon.gov.

**FOR TEXAS RESIDENTS:** COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550. A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

**Borrowers who are not in bankruptcy or who have not received a discharge in bankruptcy, please be advised that Planet Home Lending, LLC doing business as Planet Home Servicing in the state of New York, is a debt collector attempting to collect a debt and any information obtained will be used for that purpose.**

---

**If your address, phone number, or other information has changed (or is incorrect), please complete the section below.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PERSONAL CONTACT INFORMATION
Please provide your personal contact information below.

Account Number:

Borrowers Name _____    Co-Borrowers Name _____

New Address _____

Seasonal: Yes ___ No ___ Start Date: _____ Stop Date: _____ Seasonal Contact Number: (___)_____

Home Phone:(___)_____    Work Phone: (___)_____    Other Number: (___)_____

**Please be sure to check the box on the reverse side when completing this form.**

# ATTACHMENT 9

# MICHAEL S. NEALL
## &ASSOCIATES, P.C.
### *ATTORNEYS AT LAW*

Michael S. Neall
Jenifer E. McKinney
Amanda B. Howell
Valerie J. Barnes
William F. Chesley

147 Old Solomons Island Rd. Ste. 400
Annapolis, Maryland 21401
(410) 757-9454 *Annapolis*
(410) 757-9660 *Facsimile*
*www.michaelsneall.com*

September 22, 2020

Mark T. Johnson a/k/a Mark Thomas Johnson and Courtney Swears
20 East Timonium Road, Ste. 112
Timonium, MD 21093

Quarry lake LoA

CERTIFIED MAIL - RETURN RECEIPT, FIRST CLASS - POSTAGE PREPAID,
and POSTING OF PROPERTY

Re:   ***NOTICE OF INTENT TO CREATE A LIEN***
By: Creekside at Greenspring Quarry Village Association, Inc.("Lienor")
To: Addressee(s) noted above ("Lienee(s)")
Property: 7014 Rockstream Court
Our File No.: 10988.003

Dear Mark T. Johnson a/k/a Mark Thomas Johnson and Courtney Swears:

We have been retained by the Creekside at Greenspring Quarry Village Association, Inc. to collect the debt you owe. Your account has been forwarded to our offices by our client's managing agent, Thornhill Properties. **Until your account is current and file control is returned to the managing agent, all correspondence and payments must be through our offices and not the offices of the managing agent or the Board of Directors of the Creekside at Greenspring Quarry Village Association, Inc.. This notice contains an advisement of several important rights, including your right to dispute the validity of this debt. Please read the entire notice carefully.**

At present, our client's records indicate that this past due account consists of the following:

| | |
|---|---:|
| Prior lien balance | |
| Assessment(s) | $11,385.20* |
| Late Fee(s) | $4,296.00 |
| Interest Accrued at 6.00 % | $360.00 |
| Postage | $268.50 |
| Collection Costs | $21.09 |
| Attorney's Fees | $145.25 |
| | $185.00 |
| **Total Balance Due** | |
| | **$16,661.04** |

*\*This is not an attempt to collect any pre-petition debt from debtor Mark T. Johnson a/k/a Mark Thomas Johnson, who is indebted for monthly accruing assessments beginning May 2018 to present, only.*

Please be advised that unless your payment for the above-mentioned <u>total</u> amount owed is received by this office at 147 Old Solomons Island Road, Ste 400, Annapolis, Maryland 21401, within thirty days of the posting hereof, the Board of Directors of Creekside at Greenspring Quarry Village

Association, Inc. will exercise its prerogative (as provided in the Bylaws) to accelerate the maturity of all remaining installments of the assessment on your property for the entire fiscal year. As such, if you fail to pay the above-specified total amount within thirty days of the service of this notice, full payment of your entire remaining annual assessment will then be due. If we are required to file a lien as stated below, it will include the accelerated balance due.

Please be further advised that the Lienor intends to create a lien encumbering your property pursuant to the Maryland Contract Lien Act (Annotated Code of Maryland, Real Property Article, Title 14, Subtitle 2). The name of the party seeking to create this lien is the Creekside at Greenspring Quarry Village Association, Inc.. Its address is c/o Thornhill Properties at 6301 N Charles St, Suite 2, Baltimore, MD 21212. The "contract" (as such term is defined in Section 14-201(b) of the Maryland Contract Lien Act) authorizing the creation of the intended lien is identified as the Declaration (and By-Laws) and recorded among the Land Records of Baltimore County, Maryland. The lien may be enforced and foreclosed in the same manner and subject to the same requirements as the foreclosure of mortgages or deeds of trust on Maryland property containing a power of sale or an assent to a decree. The nature of your alleged breach of the contract is your failure to make timely payments of duly levied assessments as prescribed and required by the Declaration and Bylaws, described as being a part of the "contract" specified in the preceding paragraph.

**The amount of the alleged damages (as such term is defined in Section 14-201(c) of the Maryland Contract Lien Act) to be secured by the intended lien will include the current balance of your account as stated in the second paragraph of this notice plus accelerated assessments (if applicable), additional attorneys' fees of at least $200.00; plus the cost of Lien Recordation charged by the county land records department and any additional accrued late fees and interest as provided in the contract. In the event there is a prior lien balance, as outlined in the second paragraph, this is previously secured debt and therefore will not be included within the aforementioned lien recordation. In the event there is a balance outside lien period, as outlined in the second paragraph, this is due and owing, but will not be included within the aforementioned lien recordation.**

The property against which the lien of the Lienor is intended to be imposed is all that real property situated in Baltimore County, Maryland which is known and designated as Lot No. I- in the horizontal property regime known as "Creekside at Greenspring Quarry Village Association, Inc." as created pursuant to the contract described above and as shown on the plats recorded among the Plat Records of Baltimore County, Maryland in association with that contract; together with all the percentage interest or interests in the common elements of the Association appurtenant thereto, the improvements thereupon located, and the rights, ways, waters, privileges, appurtenances and advantages belonging to said property or in anywise appertaining thereto. This said property is commonly known and designated as: 7014 Rockstream Court, Baltimore, MD 21209. This property is located entirely within Baltimore County. As of July 1, 1985, you, the party against whose property the referenced lien is intended to be imposed, have the right to a hearing under subsection (c) of Section 14-203 of the Maryland Contract Lien Act. This subsection reads as follows:

(c)     (1)     A party to whom notice is given under subsection (a) of this section may, within 30 days after the notice is served on the party, file a complaint in the circuit court for the county in which any part of the property is located to determine whether probable cause exists for the establishment of a lien.

        (2)     A complaint filed under this subsection shall include:
                (i)   The name of the complainant and the name of the party seeking to establish the lien;
                (ii)  A copy of the notice served under subsection (a) of this section; and
                (iii) An affidavit containing a statement of facts that would preclude establishment of the lien for the damages alleged in the notice.

(3)     A party filing a complaint under this subsection may request a hearing at which any party may appear to present evidence.

**Partial payments will NOT stop the collection action.** However, if you are unable to make the payment in one lump sum, please contact us to discuss possible alternative payment arrangements. **Please send your payment to our offices in the form of cash, money order, certified, cashier's or treasurer's check. You may make drafts payable to your Association.** Please be aware that if you fail to follow these directions and additional correspondence from this office must be generated as a result of that failure, additional collection costs and attorney's fees will be assessed to your account. *Any partial payments received without prior agreement may be accepted and will be applied to satisfy accrued attorney's fees and collection costs first.* A $30.00 return check fee will be assessed for any personal check returned by your bank unpaid.

**This communication is from a debt collector.** *This is an attempt to collect a debt and any information obtained will be used for that purpose.* **If you believe that the amounts stated in this notice are erroneous or are otherwise not due as claimed, please promptly contact our offices in writing or by calling our office at (410) 757-9454. In such event, we will obtain verification of the claimed debt from the managing agent and will mail a copy of such verification to you. This verification will also provide the name and address of the original creditor if different from the current creditor. If you fail to so contact this office in writing within thirty (30) days of receipt of this notice, the stated amount of the debt will be assumed valid by this office. If you request proof of the debt within thirty (30) days, then collection efforts will be suspended until the requested verification is mailed to you.**

We urge you to give this matter your immediate and preferred attention. Should you have any questions regarding this matter, please contact this office. We look forward to a prompt and amicable resolution to this matter. If you would prefer to communicate with our office via email, you may reach us directly at contactus@michaelsneall.com. *This is an attempt to collect a debt and any information obtained will be used for that purpose.*

Creekside at Greenspring Quarry Village Association, Inc.

By _____

Michael S. Neall

MSN/lbs

File No.: 10988.003

Electronic payments via credit card, debit card or electronic check may be made by visiting our website at www.michaelsneall.com and selecting the "Pay Online" option.
Please have the following required ID available: 99-29CC2B.

# ATTACHMENT 10

Ardent Title Company, LLC
File No. 4099
Tax ID #01-028286

# ORIG1NAL

**This Deed**, made this 21st day of June, 2012, by and between **Samuel C. Whelan** and **Kipp L.E Whelan**, GRANTORS, and **Courtney Swears**, GRANTEE.

IMP FD SURE $        40.00
RECORDING FEE        20.00
TR TAX STATE       1000.00
NON-RES TAX        1,260.90
TOTAL              2,320.90
Rcs¢ CE03    Rcpt # 30730
THU  STO     Blk # 1830
JUN 26  2012        10:12 am

## Witnesseth —

**That in consideration** of the sum of TWO HUNDRED THOUSAND DOLLARS 00/100 ($200,000.00), the receipt of which is hereby acknowledged, the said Grantors do hereby grant and convey to the said Grantee, as sole owner, in fee simple, all that lot of ground situate in the County of Cecil, State of Maryland and described as follows, that is to say:

All that lot or parcel of land situate in the First Election District of Cecil County, Maryland, and which is more particularly described as follows:

BEGINNING for the same at a point on the Southeasterly side of a 60 foot wide right of way as laid out through the lands of Mary E. Whelan for the purpose of ingress and egress the public road known as Glebe Road; said point being situate the following two (2) courses and distances from the beginning of land of said Mary E. Whelan as described in Deed dated June 5, 1973, and recorded among the land records of Cecil County in Liber W.A.S No. 313, Folio 677: (1) South 29 degrees 21 minutes 00 seconds East 1,190.11 feet, along the last line of said Deed, to a bend in said right of way; (2) North 64 degrees 06 minutes 20 seconds East 1,956.49 feet; thence running from said point of beginning and binding along the South easterly side of said right of way North 64 degrees 06 minutes 20 seconds East 750.00 feet to a point in the Easterly termination of said right of way; thence running for a new line of division South 25 degrees 53 minutes 40 seconds East 1,010.46 to a point on the bank of Mill Pond; thence running along the banks of Mill Pond and binding along the outlines of the before mentioned Deed, the following seven (7) courses and distances: (1) South 71 degrees 05 minutes 34 seconds West 186.76 feet; (2) South 74 degrees 14 minutes 16 seconds West 128.85 feet; (3) South 58 Degrees 39 minutes 02 seconds West 101.87 feet; (4) South 76 degrees 50 minutes 33 seconds West 79.08 feet; (5) South 06 degrees 56 minutes 28 seconds West 115.85 feet; (6) North 81 degrees 37 minutes 00 seconds West 192.05 feet; and (7) South 58 degrees 18 minutes 24 seconds West 37.94 feet; thence leaving Mill Pond and running North 25 degrees 53 minutes 40 seconds West 950.37 feet to the point or place of beginning. Containing 16.981 acres, more or less.

BEING the same property conveyed to Samuel C. Whelan and Kip L.E. Whelan from Sarah L. Whelan, by Deed dated February 17, 1976, and recorded on July 13, 1976, in Liber WAS 363, Folio 142.

**Together with** the buildings and improvements thereon erected, made or being; and all and every, the rights, alleys, ways, waters, privileges, appurtenances and advantages thereto belonging, or in anywise appertaining.

TOGETHER WITH the use in common with others of a right of way for ingress and egress, 60 feet wide, as now laid out along the first and North lines of this conveyance and continuing in the Northwesterly direction along the lands of Vernon M. Whelan to a road leading to Glebe Road.

TOGETHER WITH the right of others to the use of the private road extending from the Northwesterly end of a right if way hereinbefore described to the public road

**To Have and To Hold** the said tract of ground and premises above described and mentioned, and hereby intended to be conveyed, together with the rights, privileges, appurtenances and advantages thereto belonging or appertaining unto and to the proper use and benefit of the said Courtney Swears, as sole owner, in fee simple.

**And** the Grantors hereby covenant that they have not done or suffered to be done any act, matter or thing whatsoever, to encumber the property hereby conveyed; that they will warrant Specially the property hereby granted; and that they will execute such further assurances of the same as may be requisite.

CLERK
PER DERRICK W. LOWE
CECIL COUNTY, MD.
2012 JUN 26  A 11:31 I11

**In Witness Whereof,** Grantors have caused this Deed to be properly executed and sealed the day and year first above written.

_____ _____(SEAL)
Samuel C. Whelan

_____ _____(SEAL)
Kipp L.E Whelan

STATE OF MARYLAND } ss
COUNTY OF CECIL

    I hereby certify that on this 21st day of June, 2012, before me, the subscriber, a Notary Public of the State and County aforesaid, personally appeared Samuel C. Whelan and Kipp L.E Whelan, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged the same for the purposes therein contained, and further acknowledged the foregoing Deed to be their act, and in my presence signed and sealed the same, giving oath under penalties of perjury that the consideration recited herein is correct.

    IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Holly A. Wright
Notary Public, State of Maryland
Cecil County
My Commission Expires 12/6/2014

_____
Notary Public

My Commission Expires: __December 6, 2014__

    THIS IS TO CERTIFY that the within Deed was prepared by, or under the supervision of the undersigned, an Attorney duly admitted to practice before the Court of Appeals of Maryland.

_____
Attorney

AFTER RECORDING, PLEASE RETURN TO:
**Ardent Title Company, LLC**
**149-151 East Main Street**
**2nd Floor**
**Elkton, MD 21921**

Agricultural Transfer Tax in the

Amount of $ _Dec. of Intent_

Signature _Cheryl_

RECEIVED FOR TRANSFER
State Department of
Assessments & Taxation
for Cecil County

transfer # 09    date 6/25/12

Cecil County Commissioners
RECORDATION TAX
AMT: _1640.00_
DATE: _June 25, 2012_
INITIALS: _RwH_
01-028286

Tax for _2011_ and all prior years
have been paid on the property
described in the within deed.    RwH

JUN 25 2012

$10.00 Transfer Fee paid to
County Commissioners
No. _8703_

CECIL COUNTY CIRCUIT COURT (Land Records) DWL 3217, p. 0077, MSA_CE55_4266. Date available 06/29/2012. Printed 11/20/2020.

BOOK 3 2 1 7 PAGE 0 7 8

## AFFIDAVIT AS TO TOTAL PAYMENT
## PURSUANT TO SECTION 10-912(B)(2) OF THE TAX-GENERAL
## ARTICLE OF THE ANNOTATED CODE OF MARYLAND

File Number: __4099__

Property: __16.981 acres on Foxes Lane, Earleville, MD 21919__

The undersigned make(s) oath, in due form of law and under the penalties of perjury, that the following is true to the best of my/our knowledge, information and belief, in accordance with Section 10-912(b)(2) of the Tax-General Article of the Annotated Code of Maryland (the "withholding law"):

1. I/we am/are the transferor(s) of that real property described in the accompanying deed (the "property").

2. I/we have examined the settlement statement prepared in connection with the transfer of the property, including both the gross amounts due to me/us and the listing of expenses and adjustments which result in a reduction in the net proceeds due to me/us.

3. With respect to the determination of "total payment," stated below, for the purpose of the withholding law:

   (a) The "total payment" includes the fair market value of any property transferred to me/us as part of the sale.

   (b) In calculating the deductions from gross proceeds, "debts incurred in contemplation of sale" (meaning debts secured by the property that were incurred within 90 days of the sale, such as loan funds received from a financing or a previous or new line of credit within the past 90 days prior to the sale of the property) were not deducted from gross proceeds.

   (c) In calculating the deductions from gross proceeds, only my/our expenses arising out of the sale or exchange of the property have been deducted.

4. The amount of "total payment" for the purpose of the withholding law is $ __18,680.00__ .

Dated this 21st day of June, 2012.

__Samuel C. Whelan__

__Kipp L.E Whelan__

STATE OF MARYLAND, COUNTY OF CECIL, to wit:

   Sworn and subscribed to before the undersigned this 21st day of June, 2012.

SEAL:

Holly A. Wright
Notary Public, State of Maryland
Cecil County
My Commission Expires 12/6/2014

Notary Public
My commission expires __12/6/14__

CECIL COUNTY CIRCUIT COURT (Land Records) DWL 3217, p. 0078, MSA_CE55_4266. Date available 06/29/2012. Printed 11/20/2020.

## AGRICULTURAL DECLARATION OF INTENT

Account #      **01-028286**
District **01** Map **57** Parcel **44**

Name (s)      **Courtney Swears**

Location:      **16.981 acres on Foxes Lane, Earleville, MD 21919**

I, **Courtney Swears** purchaser of the real property located at **16.981 acres on Foxes Lane, Earleville, MD 21919** and described as

All that lot or parcel of land situate in the First Election District of Cecil County, Maryland, and which is more particularly described as follows:

BEGINNING for the same at a point on the Southeasterly side of a 60 foot wide right of way as laid out through the lands of Mary E. Whelan for the purpose of ingress and egress the public road known as Glebe Road; said point being situate the following two (2) courses and distances from the beginning of land of said Mary E. Whelan as described in Deed dated June 5, 1973, and recorded among the land records of Cecil County in Liber W.A.S No. 313, Folio 677: (1) South 29 degrees 21 minutes 00 seconds East 1,190.11 feet, along the last line of said Deed, to a bend in said right of way; (2) North 64 degrees 06 minutes 20 seconds East 1,956.49 feet; thence running from said point of beginning and binding along the South easterly side of said right of way North 64 degrees 06 minutes 20 seconds East 750.00 feet to a point in the Easterly termination of said right of way; thence running for a new line of division South 25 degrees 53 minutes 40 seconds East 1,010.46 to a point on the bank of Mill Pond; thence running along the banks of Mill Pond and binding along the outlines of the before mentioned Deed, the following seven (7) courses and distances: (1) South 71 degrees 05 minutes 34 seconds West 186.76 feet; (2) South 74 degrees 14 minutes 16 seconds West 128.85 feet; (3) South 58 Degrees 39 minutes 02 seconds West 101.87 feet; (4) South 76 degrees 50 minutes 33 seconds West 79.08 feet; (5) South 06 degrees 56 minutes 28 seconds West 115.85 feet; (6) North 81 degrees 37 minutes 00 seconds West 192.05 feet; and (7) South 58 degrees 18 minutes 24 seconds West 37.94 feet; thence leaving Mill Pond and running North 25 degrees 53 minutes 40 seconds West 950.37 feet to the point or place of beginning. Containing 16.981 acres, more or less.

TOGETHER WITH the use in common with others of a right of way for ingress and egress, 60 feet wide, as now laid out along the first and North lines of this conveyance and continuing in the Northwesterly direction along the lands of Vernon M. Whelan to a road leading to Glebe Road.

TOGETHER WITH the right of others to the use of the private road extending from the Northwesterly end of a right if way hereinbefore described to the public road.

CECIL COUNTY CIRCUIT COURT (Land Records) DWL 3217, p. 0079, MSA_CE55_4266. Date available 06/29/2012. Printed 11/20/2020.

hereby declare my intention to continue and/or place into agricultural use acres of the above property in accordance with the provisions of section 8-209 of the tax-property article for a period of at least five (5) consecutive full taxable years following this date.

If the land does not remain in agricultural use, the owner must notify the department of assessments and taxation under the penalties of perjury. Failure to comply with the requirements for agricultural use assessment during the first five (5) full taxable years following the transfer will require the imposition of the agricultural transfer tax. It will be based upon a current fair market value appraisal and a 10% penalty. The ceasing of agricultural activities or the construction of non-agricultural improvements (structures) or site improvements on all or part of the parcel is a violation of the declaration. A violation of the declaration of intent subjects the property to a tax penalty.

I declare, under the penalties of perjury, that this declaration (including any accompanying forms and statements) has been examined by me and the information contained herein, to be correct and complete.

Signature: _____ Date: **6/21/12**

       **Courtney Swears**

CECIL COUNTY CIRCUIT COURT (Land Records) DWL 3217, p. 0080, MSA_CE55_4266. Date available 06/29/2012. Printed 11/20/2020.

**APPLICATION FOR AGRICULTURAL USE ASSESSMENT**

DISTRICT NO. _____          CARD NO. BOOK 3 2 1 7 PAGE 0 8 1

1. Name of owner(s): _Caintney  Swears_
   Is owner age 70 or older? _No_          Disabled? _No_

2. Mailing Address: _7014  Rockstream  Ct_
   _Baltimore, MD    21209_

3. Telephone Number: _410-967-5859_

4. Use of Land:

   A. Acreage in crops (by type): _16.981_

   B. Acreage in pasture: _10_

   C. Acreage in a government program, etc.: _NONE_

   D. Acreage in Woodland: _6.981_. Name of private or governmental forestry program that the tract is under: _____

   5. Number of livestock or poultry (by type): _No  livestock_

6. Amount of last harvest for each crop (in acres): _16 Acres  of  Wheat_

7. Gross sales last year if farm is under five (5) acres:
   A. Crops           $_____          B. Livestock  $_____
   C. Livestock Products  $_____

8. Name and address of person conducting farm operation if other than owner:
   _Carroll  Davis_
   _P.O.  Box 51.  Earleville  Md.  21919_

9. Is this acreage adjacent to other farm property which you own or which is owned by an immediate family member? Yes _X_  No _____  If yes, give name of family member _Anne Whelan Swears, Sarah Whelan_ relationship _mother, aunt, uncle_
   _Hugh Whelan_

10. Did you complete Schedule F in your Federal Income Tax Return? _No_

I certify that the above statements are true and correct and that I understand it is my responsibility to notify the Supervisor of Assessments if agricultural use of the land described above is discontinued.

Signature of owner: _____  Date: _6-21-12_

**CAUTION:** A transfer of any portion of the above-described land may require imposition of an agricultural transfer tax. SEE TAX -PROPERTY ARTICLE, SECTION 13-301 - 13-308, ANNOTATED CODE OF MARYLAND.

This form seeks information for the purpose of an agricultural use assessment on the indicated property. Failure to provide this information will result in denial of your application. However, some of this information would be considered a "personal record" as defined in State Government Article, §10-624. Consequently, you have the statutory right to inspect your file and to file a written request to correct or amend any information you believe to be inaccurate or incomplete. Additionally, personal information provided to the State Department of Assessments and Taxation is not generally available for public review. However, this information is available to officers of the State, county or municipality in their official capacity and to taxing officials of any State or the federal government, as provided by statute. Additionally, if your property would be used by the State Department of Assessments and Taxation as a comparable for purposes of establishing the value of another property in a hearing before the Maryland Tax Court, the requested information, or a portion thereof, may have to be provided to the owner of that other property.

CECIL COUNTY CIRCUIT COURT (Land Records) DWL 3217, p. 0081, MSA_CE55_4266. Date available 06/29/2012. Printed 11/20/2020.

CECIL COUNTY CIRCUIT COURT (Land Records) DWI 3217 p. 0082 MSA_CE55_4266 Date available 06/29/2012 Printed 11/02/2020

# State of Maryland Land Instrument Intake Sheet

☐ Baltimore City  ☒ County: __Cecil__

*Information provided is for the use of the Clerk's Office, State Department of Assessments and Taxation, and County Finance Office Only.*
**(Type or Print in Black Ink Only—All Copies Must Be Legible)**

BOOK 3 2 1 7 PAGE 0 8 2

| 1 | Type(s) of Instruments | ( ☐ Check Box if addendum Intake Form is Attached.) |
|---|---|---|

| | ☐ Deed / Deed of Trust | ☐ Mortgage / Lease | ☐ Other _____ | ☐ Other _____ |
|---|---|---|---|---|

| 2 | Conveyance Type Check Box | ☒ Improved Sale Arms-Length [1] | ☐ Unimproved Sale Arms-Length [2] | ☐ Multiple Accounts Arms-Length [3] | ☐ Not an Arms-Length Sale [9] |
|---|---|---|---|---|---|

| 3 | Tax Exemptions (if applicable) Cite or Explain Authority | Recordation | |
|---|---|---|---|
| | | State Transfer | |
| | | County Transfer | |

## 4 — Consideration and Tax Calculations

| Consideration Amount | | Finance Office Use Only — Transfer and Recordation Tax Consideration | |
|---|---|---|---|
| Purchase Price/Consideration | $ 200,000.00 | Transfer Tax Consideration | $ |
| Any New Mortgage | $ 180,000.00 | X ( )% | = $ |
| Balance of Existing Mortgage | $ | Less Exemption Amount | − $ |
| Other: | $ | Total Transfer Tax | = $ |
| Other: | $ | Recordation Tax Consideration | $ |
| | | X ( ) per $500 | = $ |
| Full Cash Value: | $ 200,000.00 | TOTAL DUE | $ |

## 5 — Fees

| Amount of Fees | Doc. 1 | Doc. 2 | |
|---|---|---|---|
| Recording Charge | $ 20.00 | $ 20.00 | Agent: |
| Surcharge | $ 40.00 | $ 40.00 | |
| State Recordation Tax | $ 1,640.00 | $ | Tax Bill: |
| State Transfer Tax | $ 1,000.00 | $ | |
| County Transfer Tax | $ | $ | C.B. Credit: |
| Other | $ | $ | |
| Other | $ | $ | Ag. Tax/Other: |

## 6 — Description of Property

SDAT requires submission of all applicable information. A maximum of 40 characters will be indexed in accordance with the priority cited in Real Property Article Section 3-104(g)(3)(i).

| District | Property Tax ID No. (1) | Grantor Liber/Folio | Map | Parcel No. | Var. LOG |
|---|---|---|---|---|---|
| 01 | 028286 | WAS 363/142 | 57 | 44 | ☐ (5) |

| Subdivision Name | Lot (3a) | Block (3b) | Sect/AR (3c) | Plat Ref. | SqFt/Acreage (4) |
|---|---|---|---|---|---|
| | | | | WAS 363/142 | 16.981 |

**Location/Address of Property Being Conveyed (2)**
16.981 acres on Foxes Lane, Earleville, MD 21919

| Other Property Identifiers (if applicable) | Water Meter Account No. |
|---|---|
| | |

Residential ☒ or Non-Residential ☐  Fee Simple ☒ or Ground Rent ☐  Amount: N/A
Partial Conveyance? ☐ Yes ☒ No  Description/Amt. of SqFt/Acreage Transferred: N/A

If Partial Conveyance, List Improvements Conveyed: N/A

## 7 — Transferred From

| Doc. 1 – Grantor(s) Name(s) | Doc. 2 – Grantor(s) Name(s) |
|---|---|
| Samuel C. Whelan | Courtney Swears |
| Kipp L.E Whelan | |
| **Doc. 1 – Owner(s) of Record, if Different from Grantor(s)** | **Doc. 2 – Owner(s) of Record, if Different from Grantor(s)** |
| | |

## 8 — Transferred To

| Doc. 1 – Grantee(s) Name(s) | Doc. 2 – Grantee(s) Name(s) |
|---|---|
| Courtney Swears | Samuel C. Whelan |
| | Kipp L.E Whelan |

**New Owner's (Grantee) Mailing Address**
7014 Rock Stream Court, Baltimore, MD 21209

## 9 — Other Names to Be Indexed

| Doc. 1 – Additional Names to be Indexed (Optional) | Doc. 2 – Additional Names to be Indexed (Optional) |
|---|---|
| | |

## 10 — Contact/Mail Information

| Instrument Submitted By or Contact Person | |
|---|---|
| Name: Susan M. Knight | ☐ Return to Contact Person |
| Firm Ardent Title Company, LLC | ☒ Hold for Pickup |
| Address: 149-151 East Main Street, 2nd Floor | |
| Elkton, MD 21921  Phone: ( 410 ) 996-9780 | ☐ Return Address Provided |

## 11 — Assessment Information

**IMPORTANT: BOTH THE ORIGINAL DEED AND A PHOTCOPY MUST ACCOMPANY EACH TRANSFER**

| | ☐ Yes ☒ No | Will the property being conveyed be the grantee's principal residence? |
|---|---|---|
| | ☐ Yes ☒ No | Does transfer include personal property? If yes, identify: |
| | ☐ Yes ☒ No | Was property surveyed? If yes, attach copy of survey (if recorded, no copy required). |

**Assessment Use Only – Do Not Write Below This Line**

| Terminal Verification | Agricultural Verification | Whole | Part | Tran. Process Verification |
|---|---|---|---|---|
| Transfer Number | Date Received: | Deed Reference: | | Assigned Property No.: |

| Year | 20 | 20 | Geo. | Map | Sub | Block |
|---|---|---|---|---|---|---|
| Land | | | Zoning | Grid | Plat | Lot |
| Buildings | | | Use | Parcel | Section | Occ. Cd. |
| Total | | | Town Cd. | Ex. St. | Ex. Cd. | |

REMARKS:

Space Reserved for County Validation

| Distribution: | ☐ Clerk's Office ☐ Office of Finance | ☐ SDAT ☐ Preparer | AOC-CC-300 (5/2007) |
|---|---|---|---|

4099

# ATTACHMENT 11

THIS PURCHASE MONEY MORTGAGE dated June 21, 2012 from Courtney Swears, (the "Borrower") and Samuel C. Whelan and Kipp L.E. Whelan, (the "Lenders").

The Borrower is indebted to the Lender in the principal sum of $180,000.00. The Borrower agrees to repay the principal sum to the Lender, payable as follows: Five Hundred ($500.00) per month (payable quarterly) for two (2) years and thereafter principal payments of Five Hundred ($500.00) per month (payable quarterly) with interest thereon on the unpaid balance paid quarterly at the rate of 1% above the prime rate as quoted in the Wall Street Journal; said interest rate to be recalculated each anniversary date, for a term of three (3) years.

Borrower shall have the right to prepay the indebtedness evidenced by this Mortgage, at any time without penalty or premium. A late charge shall be due and payable, equal to 5% of any payment received 10 days after its due date.

The Borrower, in consideration of the indebtedness referred to above, it having been a condition thereof that it be secured by this Mortgage, irrevocably grants and conveys unto the said Lender, and to their heirs and assigns, in fee simple

SEE ATTACHED LEGAL DESCRIPTION

BEING THE SAME property as conveyed to Courtney Swears from Samuel C. Whelan and Kipp L.E. an Whelan by Deed dated and recorded or intended to be recorded among the Land Records of Cecil County immediately prior hereto.

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, alleys, ways, privileges, appurtenances, advantages, rents, royalties, mineral, oil and gas rights and profits, waters, riparian rights, and other profits pertaining to the property and all fixtures and equipment now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage. All of the foregoing, together with the property described above are herein collectively referred to as the "Property".

TO SECURE to the Lender; (a) the repayment of the indebtedness evidenced by this Mortgage, the payment of all other sums, with interest at the same rate set forth above, advanced in accordance with this Mortgage to protect the security of this Mortgage; and (b) the performance of the covenants and agreements of the Borrower herein contained;

TO HAVE AND TO HOLD the Property unto the said Lender, and to their heirs and assigns, in fee simple, forever, provided that until the Borrower's breech of any covenant or agreement in this Mortgage the Borrower shall have possession of the Property, and if the sums secured by this Mortgage are paid in full and all of the covenants and agreements of Borrower set forth herein have been performed, then this Mortgage shall be void.

The Borrower and the Lender covenant and agree as follows:

1. *Payment of Principal and Interest.* The Borrower shall promptly pay when due the principal of and interest on the indebtedness evidenced by this Mortgage, and all other charges as provided in this Mortgage.

2. *Application of Payments.* Unless applicable law provides otherwise, all payments received by the Lender under paragraph 1 hereof shall be applied by the Lender first to any late charges assessed, then to interest payable on the principal of the indebtedness secured by this Mortgage, then to principal of the indebtedness secured by this Mortgage.

3. *Charges; Liens.* The Borrower shall pay all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage by the Borrower making payment, when due, directly to the payee thereof. The Borrower shall promptly furnish to the Lender all notices of amounts due under this paragraph, and the Borrower shall promptly furnish to the Lender receipts evidencing the payments. The Borrower shall promptly discharge any lien which has priority over this Mortgage; provided, that the Borrower shall not be required to discharge the lien so long as the Borrower shall agree in writing to the payment of the obligation secured by the lien and shall

CECIL COUNTY CIRCUIT COURT (Land Records) DWL 3217, p. 0083, MSA_CE55_4266. Date available 06/29/2012. Printed 11/20/2020.

secure that promise in a manner acceptable to the Lender, and shall in good faith contest the lien by, or defend enforcement of the lien in, legal proceedings which operate to prevent the enforcement of the lien or forfeiture of the Property or any part thereof.

4. *Hazard Insurance.* The Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage".

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by the Lender; provided, that such approval shall not be unreasonably withheld. All premiums on insurance policies shall be paid by the Borrower making payment, when due, directly to the insurance carrier.

All insurance policies and renewals thereof shall be in form acceptable to the Lender and shall include a standard mortgagee clause in favor of and in form acceptable to the Lender. The Lender shall have the right to hold the policies and renewals thereof, and the Borrower shall promptly furnish to the Lender all renewal notices and all receipts of paid premiums. In the event of loss, the Borrower shall give prompt notice to the insurance carrier and the Lender. The Lender may make proof of loss if not made promptly by the Borrower. All insurance proceeds shall be payable solely to the Lender and not to the Lender and the Borrower jointly.

Unless the Lender and the Borrower otherwise agree in writing, insurance proceeds shall be applied to the restoration or repair of the Property damaged, provided the Borrower is not then in default, the restoration or repair is economically feasible and the security of this Mortgage is not thereby impaired. If Borrower is in default, the restoration or repair is not economically feasible or if the security of this Mortgage would be impaired, the insurance proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to the Borrower. If the Property is abandoned by the Borrower, or if the Borrower fails to respond to the Lender within thirty (30) days from the date notice is mailed by the Lender to the Borrower that the insurance carrier offers to settle a claim for insurance benefits, the Lender is authorized to collect and apply the insurance proceeds at the Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

Unless the Lender and the Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of any installments referred to in paragraph 1 hereof or change the amount of any installments. If under paragraph 15 hereof the Property is acquired by the Lender, all right, title and interest of the Borrower in and to any insurance policies and in and to the proceeds thereof resulting from damage to the Property prior to the sale or acquisition shall pass to the Lender to the extent of the sums secured by this Mortgage immediately prior to the sale or acquisition.

5. *Preservation and Maintenance of Property.* The Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property.

6. *Protection of Lender's Security.* If the Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects the Lender's interest in the Property, including, but not limited to, eminent domain, insolvency, code enforcement, or arrangements, reorganizations or proceedings involving a bankrupt or decedent, then the Lender at the Lender's option, upon notice to the Borrower, may make appearances, disburse sums and take action as in the Lender's opinion is necessary to protect the Lender's interest, including, but not limited to, disbursement of reasonable attorney's fees and entry upon the Property to make repairs or to operate the same.

Any amounts disbursed by the Lender pursuant to this paragraph 6, with interest thereon, shall become additional indebtedness of the Borrower and shall be secured by this Mortgage. Unless the Borrower and the Lender agree to other terms of payment, such amounts shall be payable immediately upon notice from the Lender to the Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable from time to time on outstanding principal under this Mortgage, unless payment of interest at such rate would be contrary to applicable law, in which event such amounts shall bear interest at the highest rate permissible under applicable law. Nothing contained in this paragraph shall require the Lender to incur any expense or take any action hereunder.

7. *Condemnation.* The proceeds of any award or claim for damages, direct or consequential, in connection with a condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to the Lender.

In the event of a total or partial taking of the Property, the proceeds shall be applied to the sums secured by this Mortgage, with the excess, if any, paid to the Borrower, except that if the taking is a partial taking the Lender may apply the proceeds, or any part thereof, at the Lender's option to the restoration or repair of the Property.

If the Property is abandoned by the Borrower, or if after notice by the Lender to the Borrower that

CECIL COUNTY CIRCUIT COURT (Land Records) DWL 3217, p. 0084, MSA_CE55_4266. Date available 06/29/2012. Printed 11/20/2020.

CECIL COUNTY CIRCUIT COURT (Land Records) DWL 3217, p. 0085, MSA_CE55_4266. Date available 06/29/2012. Printed 11/20/2020.

the condemning authority offers to make an award or settle a claim for damages, the Borrower fails to respond to the Lender within thirty (30) days after the date the notice is mailed, the Lender is authorized to collect and apply the proceeds, at the Lender's option, either to the restoration or repair of the Property or to the sums secured by this Mortgage.

Unless the Lender and the Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the installments referred to in paragraph 1 hereof or change the amount of such installments.

8. *Forbearance by Lender Not a Waiver.* Any forbearance by the Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by the Lender shall not be a waiver of the Lender's right to accelerate the maturity of the indebtedness secured by this Mortgage.

9. *Remedies Cumulative.* All remedies provided in this Mortgage are distinct and cumulative to any other right or remedy under this Mortgage or afforded by law or equity, and may be exercised concurrently, independently or successively.

10. *Successors and Assigns Bound; Joint and Several Liability; Captions.* The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to the respective successors and assigns of the Lender and the Borrower, subject to the provisions of paragraph 14 hereof. All covenants and agreements of the Borrower shall be joint and several. The captions and headings of the paragraphs of this Mortgage are for convenience only and are not to be used to interpret or define the provisions hereof.

11. *Notice.* Except for any notice required under applicable law to be given in another manner (a) any notice to the Borrower provided for in this Mortgage shall be given by physical delivery to the Borrower or by mailing the notice by certified mail addressed to the Borrower at the Borrower's address or at such other address as the Borrower may designate by notice to the Lender as provided herein, and (b) any notice to the Lender shall be given by certified mail, return receipt requested, to the Lender's address appearing in this Mortgage, or to such other address as the Lender may designate by notice to the Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to the Borrower or the Lender when given in the manner designated herein.

12. *Governing Law.* This Mortgage shall be governed by the law of the State of Maryland, without regard to principles of conflict of laws.

13. *Severability.* In the event that any provision or clause of this Mortgage conflicts with applicable law, such conflict shall not affect any other provision of this Mortgage which can be given effect without the conflicting provision, and to this end the provisions of the Mortgage are declared to be severable.

14. *Transfer of the Property.* Neither the entire Property nor any part thereof or an interest therein shall be sold or transferred by the Borrower whether by voluntary or involuntary act, by operation of law or otherwise, without the Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) the creation of a purchase money security interest for household or business appliances, (c) a transfer by devise or descent, (d) a transfer by operation of law upon the death of a joint tenant or (e) the grant of any leasehold interest of three years or less not containing an option to purchase.

15. *Acceleration; Remedies.* Upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, the Lender prior to acceleration shall mail notice to the Borrower as provided in paragraph 11 hereof specifying: (1) the breach and (2) a date, not less than thirty (30) days from the date the notice is mailed to the Borrower, by which the breach must be cured. If the breach is not cured on or before the date specified in the notice, the Lender, at the Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. The Borrower hereby grants to the Lender or its attorney, a **power of sale** and hereby **assents to the passage of a decree** for the sale of the Property in the event the breach is not cured within the time above stated. The Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph, including, but not limited to, reasonable attorney's fees.

If the Lender invokes the power of sale or a decree is passed for the sale of the Property the

person authorized to make the sale shall give notice of the sale by public advertisement for the time and in the manner prescribed by applicable law or rule of court and without demand on the Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as the person making the sale may determine. The person making the sale may postpone the sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale in which event no readvertisement of the sale shall be required. The Lender, or the Lender's designee, may purchase the Property at any sale.

The foreclosure sale may be made subject to one or more tenancies of the Property entered into subsequent to the date of the recording of this Mortgage or otherwise subordinate hereto if the required advertisement of sale so discloses.

The person making the sale shall deliver to the purchaser a deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the deed shall be prima facie evidence of the truth of the statements made therein. The person making the sale shall apply the proceeds of the sale in the following order: (a) to all costs and expenses of the sale, including but not limited to, commissions of not less than five percent (5%) of the gross sale price, reasonable attorney's fees and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto.

Immediately upon the first insertion of the advertisement for the sale of the Property as above provided there shall become due to the person making the sale all expenses incident to the advertisement, all court costs and expenses incident to the foreclosure proceeding, reasonable attorney's fees, and a commission equal to one-half of the commissions allowed upon the making of the sale calculated on the sums then secured by this Mortgage.

16. *Assignment of Rents; Appointment of Receiver.* As additional security hereunder, the Borrower hereby assigns to the Lender the rents of the Property, provided that the Borrower shall, prior to the giving of notice to the Borrower pursuant to paragraph 15 hereof and the Borrower's failure to cure the default within the time stated therein, have the right to collect and retain the rents as they become due and payable.

Upon the giving of notice to the Borrower pursuant to paragraph 15 hereof and the Borrower's failure to cure the default within the time stated therein, or in the event of the abandonment of the Property, the Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property, including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and of collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

17. *Release.* Upon payment of all sums secured by this Mortgage, the Lender shall release this Mortgage. The Borrower shall pay all costs of recording the release.

18. *Guaranty* -- Guarantor unconditionally and absolutely guarantees the due and punctual payment of the principal of the Note, the interest thereon and any other money due or which may become due under the Loan Documents. It is the intention hereof that Guarantor shall remain liable hereunder until the full amount of the principal of the Note, with interest, and any other sums due or to become due under the Loan Documents, shall have been fully paid, and the terms, covenants and conditions of the Loan Documents shall have been fully kept, observed and performed by Borrower.

CECIL COUNTY CIRCUIT COURT (Land Records) DWL 3217, p. 0086, MSA_CE55_4266. Date available 06/29/2012. Printed 11/20/2020.

IN WITNESS WHEREOF, the Borrower and Guarantor have executed this Mortgage and affixed their seals.

WITNESS:

_Holly A. Wright_ (signature)

_(signature)_ _____(SEAL)
Courtney Swears

STATE OF MARYLAND, COUNTY OF CECIL, TO WIT:

I HEREBY CERTIFY, that on June 21, 2012, before me, a Notary Public of the State of Maryland, personally appeared Courtney Swears, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument and acknowledged that the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained.

WITNESS my hand and Notarial Seal.

(seal)
Holly A. Wright
Notary Public, State of Maryland
Cecil County
My Commission Expires 12/6/2014

_Holly A. Wright_ (signature)
Notary Public
My Commission Expires: 12/6/14

STATE OF MARYLAND, COUNTY OF CECIL, TO WIT:

On June 21, 2012, before me, the undersigned officer, personally appeared Susan M. Knight, the agent of the party secured by the foregoing Mortgage and made oath in due form of law that the consideration recited in said Mortgage is true and bona fide as therein set forth and that the actual sum of money advanced at the closing transaction by the secured party was paid over and disbursed by the party of parties secured to the Borrower or to the person responsible for disbursement of funds in the closing transaction or their respective agent at a time no later than the execution and delivery by the Borrower of this Mortgage; and also made oath that he is the agent of the party or parties secured and is duly authorized to make this affidavit.

In witness whereof, I hereunto set my hand and official seal.

_Holly A. Wright_ (signature)
Notary Public
My Commission Expires: 12/6/14

(seal)
Holly A. Wright
Notary Public, State of Maryland
Cecil County
My Commission Expires 12/6/2014

CERTIFICATE OF PREPARATION

In accordance with Real Property Section 3-104 (f) (1), this is to certify that the aforegoing instrument was prepared under the supervision of the undersigned, an Attorney duly admitted to practice before the Court of Appeals of Maryland.

_____
Leonard E. Wilson, Attorney at Law

AFTER RECORDATION REMIT TO:
ARDENT TITLE COMPANY
149-151 EAST MAIN STREET
ELKTON, MD 21921

FILE 4099

Cecil County Commissioners
RECORDATION TAX
AMT: _0_  Deed No. _8798_
DATE: _June 25, 2012_
INITIALS: _RWH_
_01-028280_

CECIL COUNTY CIRCUIT COURT (Land Records) DWL 3217, p. 0087, MSA_CE55_4266. Date available 06/29/2012. Printed 11/20/2020.

# Exhibit A

All that lot or parcel of land situate in the First Election District of Cecil County, Maryland, and which is more particularly described as follows:

BEGINNING for the same at a point on the Southeasterly side of a 60 foot wide right of way as laid out through the lands of Mary E. Whelan for the purpose of ingress and egress the public road known as Glebe Road; said point being situate the following two (2) courses and distances from the beginning of land of said Mary E. Whelan as described in Deed dated June 5, 1973, and recorded among the land records of Cecil County in Liber W.A.S No. 313, Folio 677: (1) South 29 degrees 21 minutes 00 seconds East 1,190.11 feet, along the last line of said Deed, to a bend in said right of way; (2) North 64 degrees 06 minutes 20 seconds East 1,956.49 feet; thence running from said point of beginning and binding along the South easterly side of said right of way North 64 degrees 06 minutes 20 seconds East 750.00 feet to a point in the Easterly termination of said right of way; thence running for a new line of division South 25 degrees 53 minutes 40 seconds East 1,010.46 to a point on the bank of Mill Pond; thence running along the banks of Mill Pond and binding along the outlines of the before mentioned Deed, the following seven (7) courses and distances: (1) South 71 degrees 05 minutes 34 seconds West 186.76 feet; (2) South 74 degrees 14 minutes 16 seconds West 128.85 feet; (3) South 58 Degrees 39 minutes 02 seconds West 101.87 feet; (4) South 76 degrees 50 minutes 33 seconds West 79.08 feet; (5) South 06 degrees 56 minutes 28 seconds West 115.85 feet; (6) North 81 degrees 37 minutes 00 seconds West 192.05 feet; and (7) South 58 degrees 18 minutes 24 seconds West 37.94 feet; thence leaving Mill Pond and running North 25 degrees 53 minutes 40 seconds West 950.37 feet to the point or place of beginning. Containing 16.981 acres, more or less.

TOGETHER WITH the use in common with others of a right of way for ingress and egress, 60 feet wide, as now laid out along the first and North lines of this conveyance and continuing in the Northwesterly direction along the lands of Vernon M. Whelan to a road leading to Glebe Road.

TOGETHER WITH the right of others to the use of the private road extending from the Northwesterly end of a right if way hereinbefore described to the public road.

THIS IS TO CERTIFY that the within Deed was prepared by, or under the supervision of the undersigned, an Attorney duly admitted to practice before the Court of Appeals of Maryland.

Attorney: Leonard E. Wilson

AFTER RECORDING, PLEASE RETURN TO:
**Ardent Title Company, LLC**
**149-151 East Main Street**
**2nd Floor**
**Elkton, MD 21921**

CECIL COUNTY CIRCUIT COURT (Land Records) DWL 3217, p. 0088, MSA_CE55_4266. Date available 06/29/2012. Printed 11/20/2020.

# ATTACHMENT 12

## FORBEARANCE AGREEMENT

THIS AGREEMENT is made effective this 25th day of August, 2017, by and among COURTNEY SWEARS and MARK JOHNSON (hereinafter referred to as "Debtors"), CLAY SWEARS and ANNE SWEARS (hereinafter referred to collectively as "Guarantors"), and SAMUEL G. WHELAN and KIPP, L.E. WHELAN (hereinafter referred to as "Creditors").

WHEREAS, Creditors loaned to Debtors and Debtors borrowed from Creditors the sum of One Hundred Eighty Thousand Dollars ($180,000.00) pursuant to a Promissory Note dated June 21, 2012.

WHEREAS, Guarantors have agreed to guarantee the repayment of the Loan in consideration of Creditors cancelling a scheduled foreclosure sale and entering into this Forbearance Agreement.

WHEREAS, Debtors, also executed a Mortgage to Creditors to secure the repayment of said Note.

WHEREAS, the Loan was obtained to purchase a 16.981 acre parcel of ground in the First Election District of Cecil County designated as Parcel 44 on Cecil County Tax Map 33 as more particularly described in a Deed recorded at Liber D.W.L. No. 3217, folio 76.

WHEREAS, Debtors are currently in default of their obligations pursuant to the Loan and Mortgage and have requested Creditors to enter into this Agreement.

WHEREAS, Debtors and Guarantors have determined that it is in their best interests to enter into this Agreement.

.KER, THOMEY
& EMREY, P.A.
TORNEYS AT LAW
3 E. MAIN STREET
LKTON, MD 21921

(410) 398-3536

1

NOW, THEREFORE, in consideration of the above and of the mutual promises contained herein the parties agree as follows:

1.  Debtors and Guarantors acknowledge that the amount owed pursuant to the Loan is $171,368.42 as of June 21, 2017. The principal balance owed is $167,210.00. Interest accumulates on said amount at the rate of 4.25% per annum.

2.  Debtors, henceforth, have agreed to a schedule of payments to be made as follows: $13,000.00 on January 15, 2018; $13,000.00 on January 15, 2019; and $13,000.00 on January 15, 2020. The remaining balance owed shall be paid in its entirety on or before January 15, 2021.

3.  Debtors shall pay Creditors Twenty Thousand Dollars ($20,000.00) upon the execution of this Agreement.

4.  Debtors shall also reimburse to Creditors all expenses they incurred with regard to the foreclosure action, not to exceed Five Thousand Dollars ($5,000.00) within thirty (30) days of the date of this Agreement.

5.  The parties agree that henceforth interest shall continue to accrue at the rate of 4.25% per annum.

_4.00%_

6.  Any payment not made by the due date shall be subject to a late fee of five percent (5%) of the payment due.

7.  All payments shall be applied first toward any interest due, then toward any late fees due, then toward any advances made by Creditors for property taxes due on the property, and then toward principal due.

8.  Debtors and Guarantors acknowledge and affirm that the Loan and the Loan Documents are true and valid obligations to which they remain bound, that the

.KER, THOMEY
& EMREY, P.A.
TORNEYS AT LAW
3 E. MAIN STREET
LKTON, MD 21921

(410) 398-3536

2

granting of security interests in the collateral associated therewith was and remains legally binding and effective, and, as part of the consideration herefore, they individually and collectively waive any defenses, offsets or counterclaims they may have thereto.

9.  Debtors and Guarantors further acknowledge that nothing in this Agreement is intended to modify or change the terms of the Loan Documents except as specifically set forth herein; and they further acknowledge that Creditors retain the right to take any action or seek any relief as provided for in the Loan Documents upon breach thereof or of this Agreement.

10.  This Agreement shall be construed in accordance with the laws of the State of Maryland. Having been executed in Cecil County, Maryland, the parties agree that the State/County courts contained within said County are the proper venue and jurisdiction for litigating any disputes between the parties. To the full extent permitted by law, Debtors and Guarantors waive their right to a jury trial with respect to any dispute between the parties.

11.  This Agreement may not be amended, changed, or modified except by a written document executed by the parties hereto.

12.  The Guarantors hereby agree to be jointly and severally liable for all amounts owed pursuant to this Agreement and hereby waive notice of default. Upon a violation of this Agreement, Creditors may proceed with legal action to collect all sums due from Guarantors without first foreclosing against the mortgaged property or pursuing legal action against Debtors.

ιKER, THOMEY
& EMREY, P.A.
TORNEYS AT LAW
J E. MAIN STREET
LKTON, MD 21921

(410) 398-3536

3

13. Upon execution of this Forbearance Agreement by all parties, and payment of all sums due pursuant to Items 3 and 4 above, Creditors shall dismiss their foreclosure action against Debtors without prejudice.

IN WITNESS WHEREOF, this Agreement was executed so as to be effective as of the 25th day of August, 2017.

WITNESS:

_____

_____

_____

_____

_____

_____
Courtney Swears

_____
Mark Johnson

_____
Clay Swears, Guarantor

_____
Anne Swears, Guarantor

_____
Samuel G. Whelan

_____
Kipp L. E. Whelan

.KER, THOMEY
& EMREY, P.A.
TORNEYS AT LAW
3 E. MAIN STREET
LKTON, MD 21921

(410) 398-3536

4

# ATTACHMENT 13

808 Emmanuel Church Road
Mount Solon, VA 22843
6 April 2020

Dear Mark & Courtney,

As per Mark's request, I have worked up an amount that I believe is what is owed on the land. **The amount owed for closing will need to be verified by our lawyer before closing.** When we signed the agreement on June 21, 2017, all parties were given information on which any one of us is able to calculate amount owed. I am not an accountant nor a lawyer who specializes in real estate. The amount changes on a daily basis, thus the amount given here is **only an estimate** for the date of 5 April 2020.

Amount owed on June 21, 2017             $171,368.42

Amount paid on June 21, 2017              $20,000.00

Amount of loan on June 21, 2017          $151,368.42

Interest rate                                  4%

Interest from June 21, 02017 until January 15, 2018 at 4% (208 days).    $3,450.37

Amount owed on January 15, 2018.         $154,818.79 (amount of loan plus interest)

Payment     January 2018               $13,000.00

Amount owned after Jan payment       $141,818.79

Interest from Jan 2018 to January 15, 2019      $5,672.75

Amount owned on January 15, 2019        $147,491.54 (amount of loan plus interest)

Payment January 15, 2019             $13,000.00

Amount owed after payment           $134,491.54

Interest from Jan 15, 2019 to Jan 15, 2020      $5,379.66

Amount owed on Jan 15, 2020         $139,871.20 (amount of loan plus Interest)

Payment January 15, 2020             $13,000.00

Amount owed after payment           $126,871.20
Interest rate for 2020 is $13.90 per day @ 81 days at $13.90 = $1,125.90

As of April 5 amount owed is           $127,997.10    Please note amount changes daily.

Amount of interest paid thru 1/15/20      $14,502.78
Amount of principle paid thru 1/15/20     $24,497.22

Sincerely,     _Sam_

CC: Clay and Anne Swears

S C Whelan
808 Emmanuel Church Rd, Mount Solon, VA 2283

RICHMOND VA 230
08 APR 2020 SM 2 L



FOREVER USA

Mark Johnson & Courtney Swears
7014 Rockstream Court
Pikesville, MD 21209

21209-374514

# ATTACHMENT 14

Real Property Data Search ( w1)

Search Result for CECIL COUNTY

| View Map | View GroundRent Redemption | View GroundRent Registration |
|---|---|---|

**Special Tax Recapture:** AGRICULTURAL TRANSFER TAX

**Account Identifier:** District - 01 Account Number - 028286

### Owner Information

| | | | |
|---|---|---|---|
| **Owner Name:** | SWEARS COURTNEY | **Use:** **Principal Residence:** | AGRICULTURAL NO |
| **Mailing Address:** | 7014 ROCK STREAM COURT | **Deed Reference:** | /03217/ 00076 |
| | BALTIMORE MD 21209-0000 | | |

### Location & Structure Information

| | | | |
|---|---|---|---|
| **Premises Address:** | FOXES LN EARLEVILLE 21919-0000 | **Legal Description:** | 16.981 ACRES FOXES LANE N/W OF EARLEVILLE |

| Map: | Grid: | Parcel: | Neighborhood: | Subdivision: | Section: | Block: | Lot: | Assessment Year: | Plat No: |
|---|---|---|---|---|---|---|---|---|---|
| 0057 | 0003 | 0044 | 1010011.08 | 0000 | | | | 2019 | Plat Ref: |

**Town:** None

| Primary Structure Built | Above Grade Living Area | Finished Basement Area | Property Land Area | County Use |
|---|---|---|---|---|
| | | | 16.9800 AC | |

| Stories | Basement | Type | Exterior / | Quality | Full/Half Bath | Garage | Last Notice of Major Improvements |
|---|---|---|---|---|---|---|---|

### Value Information

| | Base Value | Value As of 01/01/2019 | Phase-in Assessments As of 07/01/2020 | As of 07/01/2021 |
|---|---|---|---|---|
| Land: | 4,200 | 4,200 | | |
| Improvements | 0 | 0 | | |
| Total: | 4,200 | 4,200 | 4,200 | 4,200 |
| Preferential Land: | 4,200 | | | 4,200 |

### Transfer Information

| | | |
|---|---|---|
| **Seller:** | **Date:** 06/26/2012 | **Price:** $200,000 |
| **Type:** ARMS LENGTH VACANT | **Deed1:** /03217/ 00076 | **Deed2:** |
| **Seller:** | **Date:** | **Price:** $0 |
| **Type:** | **Deed1:** /00363/ 00142 | **Deed2:** |
| **Seller:** | **Date:** | **Price:** |
| **Type:** | **Deed1:** | **Deed2:** |

### Exemption Information

| Partial Exempt Assessments: | Class | 07/01/2020 | 07/01/2021 |
|---|---|---|---|
| County: | 000 | 0.00 | |
| State: | 000 | 0.00 | |
| Municipal: | 000 | 0.00|0.00 | 0.00|0.00 |

**Special Tax Recapture:** AGRICULTURAL TRANSFER TAX

### Homestead Application Information

**Homestead Application Status:** No Application

### Homeowners' Tax Credit Application Information

**Homeowners' Tax Credit Application Status:** No Application    **Date:**

1. This screen allows you to search the Real Property database and display property records.
2. Click **here** for a glossary of terms.
3. Deleted accounts can only be selected by Property Account Identifier.
4. The following pages are for information purpose only. The data is not to be used for legal reports or documents. While we have confidence in the accuracy of these records, the Department makes no warranties, expressed or implied, regarding the information.

# ATTACHMENT 15

Real Property Data Search

Search Result for BALTIMORE CITY

| View GroundRent Redemption | View GroundRent Registration |
|---|---|

**Special Tax Recapture:** None

**Account Identifier:** **Ward -** 11 **Section -** 12 **Block -** 0506 **Lot -** 088

### Owner Information

| Owner Name: | SWEARS COURTNEY E<br>JOHNSON MARK T | Use:<br>Principal Residence: | RESIDENTIAL CONDOMINIUM<br>NO |
|---|---|---|---|
| Mailing Address: | 7014 ROCKSTREAM CT<br>BALTIMORE MD 21209 | Deed Reference: | /11099/ 00152 |

### Location & Structure Information

| Premises Address: | 1 E CHASE ST<br>BALTIMORE 21202-2575<br>CONDO UNIT: 611 | Legal Description: | 568.10 SQ FT<br>UNIT 611 |
|---|---|---|---|

| Map: | Grid: | Parcel: | Neighborhood: | Subdivision: | Section: | Block: | Lot: | Assessment Year: | Plat No: |
|---|---|---|---|---|---|---|---|---|---|
| 0011 | 0000 | 0000 | 11020272.03 | 0000 | 12 | 0506 | 088 | 2020 | Plat Ref: |

**Town:** None

| Primary Structure Built | Above Grade Living Area<br>569 SF | Finished Basement Area | Property Land Area | County Use<br>11180 |
|---|---|---|---|---|

| Stories | Basement | Type<br>CONDO HI RISE | Exterior<br>/ | Quality | Full/Half Bath | Garage | Last Notice of Major Improvements |
|---|---|---|---|---|---|---|---|

### Value Information

| | Base Value | Value<br>As of<br>01/01/2020 | Phase-in Assessments<br>As of<br>07/01/2020 | As of<br>07/01/2021 |
|---|---|---|---|---|
| Land: | 16,300 | 21,300 | | |
| Improvements | 49,000 | 63,900 | | |
| Total: | 65,300 | 85,200 | 71,933 | 78,567 |
| Preferential Land: | 0 | | | 0 |

### Transfer Information

| Seller: SWEARS, COURTNEY E. | Date: 10/31/2008 | Price: $0 |
|---|---|---|
| Type: NON-ARMS LENGTH OTHER | Deed1: FMC /11099/ 00152 | Deed2: |
| Seller: WILLNER, GERSON | Date: 07/01/2003 | Price: $53,478 |
| Type: NON-ARMS LENGTH OTHER | Deed1: FMC /03978/ 00049 | Deed2: |
| Seller: BELVEDERE REALTY | Date: 01/06/1991 | Price: $60,000 |
| Type: ARMS LENGTH IMPROVED | Deed1: SEB /03069/ 00509 | Deed2: |

### Exemption Information

| Partial Exempt Assessments: | Class | 07/01/2020 | 07/01/2021 |
|---|---|---|---|
| County: | 000 | 0.00 | |
| State: | 000 | 0.00 | |
| Municipal: | 000 | 0.00\|0.00 | 0.00\|0.00 |

**Special Tax Recapture:** None

### Homestead Application Information

**Homestead Application Status:** No Application

### Homeowners' Tax Credit Application Information

**Homeowners' Tax Credit Application Status:** No Application          **Date:**

# ATTACHMENT 16

 **Zillow**

 Edit   ♡ Save    Share   ∘∘∘ More   ✕ Close

---

-- bd  |  -- ba  |  **569** sqft

1 E Chase St UNIT 611, Baltimore, MD 21202

● Off market  |  Zestimate®: **$103,493**  |  Rent Zestimate®: **$1,250/mo**

**Est. refi payment:** $945/mo   $   **Get current rates**

---

Home value   Owner tools   Home details   Neighborhood details   Similar homes

---

ESTIMATE BASED ON

**Comparable homes**     $103,698 ⌄

---

**Local tax assessments**     $72,559 ⌃

---

This estimate looks at the regional average amount that homes sell for above or below their tax assessed value. We then use that number to determine the value of this home, based on its latest tax assessment. What affects the accuracy of this estimate?

**How it's calculated:**

| $65,300 | + | 11.1% | = | $72,559 |
|---|---|---|---|---|
| 2019 tax-assessed value | | average amount homes are selling for above their 2019 tax-assessed value | | tax-based estimate |

# ATTACHMENT 17



**CALIBER**
**HOME LOANS**

RETURN SERVICE ONLY
Please do not send mail to this address
PO Box 619063
Dallas TX 75261-9063

NMLS ID 15622

# Mortgage Statement
Statement Date: 10/01/2020

If you have questions or concerns about your statement, please contact our Customer Service Department at 800-401-6587, Mon - Fri between the hours of 8 am and 8 pm CT, Sat between the hours of 8 am and 12 pm CT, excluding federal holidays, or by logging in to your account at myaccount.caliberhomeloans.com and selecting "Contact Us."

4-759-06348-0167881-001-000-000-000-000

COURTNEY SWEARS
20 E TIMONIUM RD STE 112
TIMONIUM MD 21093-3419

| Account Number | ███████ |
|---|---|
| Payment Due Date | 11/01/20 |
| **Amount Due** | **$296.98** |

*If payment is received after 11/17/20, a $8.10 late fee will be charged.*

Property Address: 1 E CHASE ST
BALTIMORE MD 21202

## Account Information

| | |
|---|---|
| Outstanding Principal | $59,949.78 |
| Interest Rate (Until 07/01/25) | 1.33000% |
| Prepayment Penalty | No |
| Total Deferred Balance | $0.00 |
| Total Lender Advance Balance | $0.00 |
| Maturity Date | 07/01/2060 |
| Current Escrow Balance | ($1,285.00) |

## Explanation of Amount Due

| | |
|---|---|
| Principal | $95.70 |
| Interest | $66.44 |
| Escrow (Taxes, Insurance, or PMI/MIP) | $134.84 |
| Ancillary | $0.00 |
| **Regular Monthly Payment** | **$296.98** |
| Past Due Amount | $0.00 |
| Total Fees Charged | $0.00 |
| Uncollected Late Charges | $0.00 |
| **Total Amount Due** | **$296.98** |

| Past Payments Breakdown: | Recently Paid | Paid Year-To-Date |
|---|---|---|
| Principal | $95.59 | $428.47 |
| Interest | $66.55 | $680.29 |
| Escrow (Taxes, Insurance, or PMI/MIP) | $134.84 | $679.60 |
| Fees | $0.00 | $0.00 |
| Late Charges | $0.00 | $0.00 |
| Unapplied Balance | $0.00 | $0.00 |
| **Total** | **$296.98** | **$1,788.36** |

## Important Messages

If you have been impacted by COVID-19, we would like to assist you. Please visit https://myaccount.caliberhomeloans.com/Home or contact us at 1-800-401-6587. Please be advised you may experience longer wait times due to high call volumes.

As you have elected our automated payment program, the amount due will be deducted from your elected bank account on the due date listed. Do not send a check and please note your records accordingly.

**Partial Payments:** Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account unless your loan is current, prepaid, or a daily simple interest loan. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.

**Payment processing cutoff time is Noon, 12:00pm CST Monday thru Friday. Payments received after Noon, 12:00pm CST will be processed the next business day.**

## Transaction Activity (09/02/20 - 10/01/20)

| Transaction Date | Transaction Description | Transaction Amount | Principal | Interest | Escrow | OPT/INS | Late Charges | Unapplied Funds | Fees |
|---|---|---|---|---|---|---|---|---|---|
| 10-01-2020 | Mortgage Payment | $296.98 | $95.59 | $66.55 | $134.84 | $0.00 | $0.00 | $0.00 | $0.00 |

PLEASE WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK AND RETURN THE BOTTOM PORTION



| Account Number | Regular Payment | Past Due | Amount Due by 11/01/20 |
|---|---|---|---|
| ███████ | $296.98 | $0.00 | **$296.98** |
| | | | If payment is received after 11/17/20, $8.10 late fee will be charged. |

COURTNEY SWEARS
20 E TIMONIUM RD STE 112
TIMONIUM MD 21093-3419

CALIBER HOME LOANS, INC.
P.O. BOX 650856
DALLAS, TX 75265-0856

Your account is currently setup for ACH payments

| Additional Principal | $ _____ . __ |
|---|---|
| Additional Escrow | $ _____ . __ |
| Total Enclosed | $ _____ . __ |

**Payments:**
P.O. Box 650856
Dallas, TX 75265-0856

**Payments - Overnight:**
Caliber Home Loans
Attn: Lockbox Operations 650856
2701 East Grauwyler Rd., BLDG 1
Irving, TX 75061

**Fax Numbers:**
Fax payoff requests: 1-405-608-2003

**Questions about Tax:**
Phone: 1-844-815-6406
P.O. Box 9209
Coppell, TX 75019-9210

**Correspondence Address:**
P.O. Box 24610
Oklahoma City, OK 73124

**Questions about Property Insurance:**
Phone: 1-866-825-9268
P.O. Box 7731
Springfield, OH 45501

**Questions about Mortgage Insurance:**
P.O. Box 272556
Oklahoma City, OK 73137-2556

**Spanish to English 7-1-1 or 1-888-777-5861
TTY to Voice 7-1-1 or 1-800-735-2989**

Notices of Error, Credit Disputes, Requests for Information or Qualified Written Requests must be sent to: P.O. Box 270415, Oklahoma City, OK 73137. Please include your specific concern or question and account number.

Oregon Residents: Residential mortgage loan servicers are regulated by the Oregon Division of Financial Regulation. To file a complaint, call (888) 877-4894 or visit http://dfr.oregon.gov

Caliber Home Loans, Inc. is a mortgage servicer registered with the Superintendent of the NY Department of Financial Services. If you are a customer whose property is located in the state of NY, you may file a complaint and obtain further information about Caliber Home Loans by contacting the New York State Department of Financial Services Consumer Assistance Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov.

Caliber utilizes third-party providers in connection with the servicing of your loan. Caliber remains responsible for all actions taken by the third-party providers.

# IMPORTANT PAYMENT INFORMATION

**Payment Options:** Caliber Home Loans, Inc. provides you the following options for making your loan payments.
- Mail: P.O. Box 650856, Dallas, TX 75265-0856
- Pay-by-phone : 1-800-401-6587
- One Time ACH – Online: www.CaliberHomeLoans.com
- AutomaticDeduction: Recurring ACH enroll at www.CaliberHomeLoans.com

**Online Services:** Caliber Home Loans, Inc. offers a variety of online services to help you better manage your mortgage loan including:
- Payments
- Electronic Statements
- "Notify Me" Alerts

You can also view your loan payment history, principal balance, interest rate and escrow account activity. Simply visit www.CaliberHomeLoans.com and select "Customer Login" from the home page. For further assistance, please contact us at 1-800-401-6587.

**Payment Information:** Additional Amount: Please designate how you want additional funds to be applied; we will apply them as directed provided your account is current. If your account is current, undesignated funds will be applied per the terms of your mortgage loan documents. Regardless of the account status, principal prepayments will only be applied to your account if your contract allows for prepayments.

Your payment is credited on the day it is received at our payment center. It is not credited the day it is postmarked. Payments made by check are processed electronically by using the information listed on the check. Payments by check authorize us to create a one-time electronic funds transfer and process the payment as either a paper check or electronic draft. The check will not be returned to you. If the check does not clear at the time it is presented for processing, we may attempt to withdraw funds from your account electronically one or more times. **Postdated checks will be processed on the date they are received.** Allowable fees may apply for returned or rejected payments.

Notice of Negative Information: We may report information about your account to the Credit Bureaus. Late payment, missed payments, other defaults, or bankruptcy filing on your account may be reflected in your credit report.

# INSURANCE/PROPERTY TAX INFORMATION

**Insurance Requirements:** The terms of your loan require that you maintain homeowner's insurance coverage. We suggest that you consult your insurance company to determine these coverage amounts. Flood Insurance is required for all properties located in a Special Flood Hazard Area as designated by FEMA. Policy Information: To protect our mutual interests, the mortgage clause of your policy must include the following: Caliber Home Loans ISAOA, P.O. Box 7731, Springfield, OH 45501. You may also mail or fax a copy of the declaration page to our office (Fax # 1-937-525-4120). For insurance questions you can reach our Insurance Department at 1-866-825-9268.

**Property:** In the event of damage to your home, notify your insurance agent. After the claim has been filed, please contact us at 1-866-940-2335 so that we may guide you through this process. You can also write to us at Insurance Claims, Caliber Home Loans, PO Box 6501, Springfield, OH 45501-6501.

**Loans with Escrowed Tax:** For Tax questions call 1-844-815-6406. If your property taxes are paid from an escrow account with us and you receive a tax bill, please forward the bill immediately to the following address: Caliber Home Loans, Inc., P.O. Box 9209, Coppell, TX 75019-9210. Please be sure to write your loan number on the bill. You may also fax current tax bills to our Tax Department at 1-509-797-8974. Evidence of payment for delinquent taxes should be faxed to 817-826-1258.

# FEE SCHEDULE (UNLESS LIMITED BY STATE LAW)*

| | | | | | |
|---|---|---|---|---|---|
| Appraisal Fee (up to): | $1,200.00 | Late Fees: | Varies | Release / Reconveyance Fee (up to): | $600.00 |
| Assumption Fee (up to): | $900.00 | Partial Release (up to): | $500.00 | Returned Check Fee: | Varies |
| Bankruptcy Attorney Fees: | Varies | Policeman, Fireman, Rescue Services (up to): | $30.00 | Subordination (up to): | $250.00 |
| Brokers Price Opinion (up to): | $250.00 | Prepayment Penalty: | Varies | Title Search (up to): | $500.00 |
| CEMA Document Fee (Non-Caliber to Caliber): | $300.00 | Property Inspection (up to): | $110.00 | Vacant Property Registration (up to): | $11,000.00 |
| Fax Fee: | $5.00 | Property Preservation: | Varies | *May be subject to change | |
| Foreclosure Attorney Fees: | Varies | Recast (up to): | $250.00 | | |

Other fees may apply. For complete list visit our website at www.CaliberHomeLoans.com

# MORTGAGE COUNSELING AND ASSISTANCE AND BANKRUPTCY NOTICE

**Mortgage Counseling and Assistance:** If you would like counseling or assistance, you can find a list of counselors in your area on the U.S. Department of Housing and Urban Development's website at www.hud.gov or call 1-800-569-4287.

**Automated Account Information:** Account information is easy to access through Caliber Home Loans, Inc. Automated Phone Service by calling 800-401-6587. Please have your loan number and your Social Security Number to access this convenient service. Automated information is available 24/7.

**Bankruptcy Notice:** Please note that notwithstanding anything herein to the contrary, in the event you are subject to an "Automatic Stay" issued by a United States Bankruptcy court, this communication is not intended to collect, assess, or recover a debt. In the event the referenced debt has been discharged in bankruptcy, this communication is not intended to collect, recover, or offset any such debt as a personal liability to you. Please be advised that this communication constitutes neither a demand for payment nor a notice of personal liability. However, unless the bankruptcy court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired. This means that, unless otherwise ordered by the bankruptcy court, if the requirements of the loan document are not met and the "Automatic Stay" is no longer in effect, we can pursue whatever remedy rights we hold in the property pursuant to the security agreement, such as the right to foreclose. This notice is not intended as legal advice and you should consult your lawyer if you have any legal questions about your rights.

This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose.

**IMPORTANT REFINANCE/PURCHASE INFORMATION**

Caliber Home Loans, Inc., 1525 S. Beltline Rd Coppell, TX 75019 NMLS ID #15622 (www.nmlsconsumeraccess.org). 1-800-401-6587. This is not an offer to enter into an agreement. Not all customers will qualify. Information, rates, and programs are subject to change without prior notice. All products are subject to credit and property approval. Not all products are available in all states or for all dollar amounts. Other restrictions and limitations apply. Caliber Home Loans, Inc. is required to disclose the following license information: Alaska Mortgage Lender License No. AK15622; Arizona Mortgage Banker License No. 0923637; Licensed by The Department of Corporations under the California Residential Mortgage Lending Act, Finance Lender License; CO: Regulated by the Division of Real Estate; DE: Licensed by the Delaware State Bank Commissioner, License 5202 expires 12/31; Georgia Residential Mortgage Lender License No. 7330; Illinois: For licensing information, go to: www.nmlsconsumeraccess.org.; Kansas-licensed mortgage company, License Number SL.0000796; Massachusetts: Lender, License ML15622; Minnesota: MN-MO-40149066, This is not an offer to enter into an agreement. Any such offer may only be made in accordance with the requirements of Minn. Stat. Section 47.206 (3) and (4); Licensed by the Mississippi department of Banking and Consumer Finance; Montana Mortgage Lender License No. 15622; Licensed by the New Hampshire Banking Department; NV: 3753 Howard Hughes Parkway, Suite 257, Las Vegas, NV 89169, (702) 784-5975; Licensed mortgage banker n.s.—N.J. Department of Banking; Licensed Mortgage Banker-NYS Department of Financial Services; Ohio MBMB.850184.000; Oregon Mortgage Lender License ML-324; Rhode Island Licensed Lender; Washington Consumer Loan Company License No. CL-15622.



EQUAL HOUSING LENDER

You may update your personal information by visiting our website at
www.CaliberHomeLoans.com or call 1-800-401-6587.

# ATTACHMENT 18

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is made and agreed to by and between Mark T. Johnson ("Johnson") and Courtney E. Swears ("Swears") (collectively, "Owners"), parties of the first part, and the Belvedere Condominium ("Belvedere"), party of the second part.

## RECITALS

WHEREAS, the Owners own the real property known as 1 East Chase Street, Unit 611, Baltimore, Maryland 21202 ("Property");

WHEREAS, the Property is situated within the condominium regime known as the Belvedere Condominium ("Condominium") and is subject to the Condominium's governing documents, including its declaration and bylaws, and the Maryland Condominium Act;

WHEREAS, Belvedere is the council of unit owners that operates and oversees the affairs of the Condominium;

WHEREAS, on September 7, 2016, Belvedere recorded a lien ("Lien") in the Land Records for Baltimore City at liber 18438, folio 182 against the Property to secure unpaid assessments and other charges arising under the Condominium's governing documents;

WHEREAS, on December 1, 2016, Belvedere filed a complaint against the Owners in the District Court of Maryland for Baltimore City in the case styled The Belvedere Condominium v. Mark T. Johnson, et al., No. 0101-0028271-2016 ("District Court Action"), for unpaid assessments and other charges arising under the Condominium's governing documents, and on January 10, 2018, the District Court awarded a judgment ("Judgment") in favor of Belvedere and against the Owners, jointly and severally;

WHEREAS, on April 12, 2018, Belvedere filed a complaint to foreclose on the Lien in the Circuit Court for Baltimore City in the case styled The Belvedere Condominium v. Mark T. Johnson, et al., No. 24-O-18-000679 ("Foreclosure Action");

WHEREAS, on April 16, 2018, Johnson filed a petition for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the District of Maryland in the case styled In re Mark Thomas Johnson, No. 18-15067 ("Bankruptcy Case");

WHEREAS, Swears did not file a petition for bankruptcy relief in the Bankruptcy Case nor in a separate bankruptcy proceeding;

WHEREAS, on November 7, 2018, the Bankruptcy Court entered an order of discharge as to Johnson's personal responsibility for debts that arose prior to the institution of the Bankruptcy Case;

WHEREAS, the Owners dispute the balance owed to Belvedere under the Lien and the Judgment and allege Belvedere has attempted to recover from them, collectively and individually, and/or the Property debts that are not collectible;

WHEREAS, Johnson alleges that Belvedere has attempted to collect debts from him that were discharged by the Bankruptcy Court's November 7, 2018 order;

WHEREAS, Belvedere denies the Owners' allegations;

WHEREAS, Johnson, Swears, and Belvedere (collectively, "Parties"), desire to fully and completely resolve any and all of their claims, whether known or unknown, asserted or not asserted, that were asserted or could have been asserted in the recordation of the Lien, the District Court Action, the Bankruptcy Case, the Foreclosure Action, or in a separate action against each other as of the Effective Date.

NOW, THEREFORE, in consideration of the promise and the mutual covenants stated herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Recitations**. The above recitations are true and correct and are incorporated herein by this reference.

2. **Effective Date.** This Agreement will be effective as of November 6, 2019, and only after it is signed by all Parties.

3. **Non-Admission of Liability**. Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of the Parties, their respective agents, employees, servants, heirs, assigns, and/or successors, or an admission as to the validity of the allegations made by the Parties against each other.

4. **Attorney Representation**. This Agreement is entered into voluntarily by the Parties who stipulate and agree that they are under no duress or undue influence. The Parties represent that in the execution of this Agreement, they had the opportunity to consult legal counsel of their own selection and that said legal counsel reviewed this Agreement, made any desired changes, and advised the Parties with respect to the advisability of making the settlement and release provided herein and of executing this Agreement.

5. **Terms**. As full and final settlement of any and all disputes, claims, charges, allegations, losses, and damages that were asserted or could have been asserted in the recordation of the Lien, the District Court Action, the Bankruptcy Case, the Foreclosure Action, or in a separate lawsuit against the Parties, together or individually, as of the Effective Date, the Parties agree as follows:

   5.1.1   The balance owed under the Judgment as of November 6, 2019, is $33,771.02, which breaks down as follows:

|                      |              |
|----------------------|-------------:|
| Principal            | $11,075.89   |
| Other                | $ 2,913.41   |
| Pre-Judgment Interest| $ 2,971.93   |
| Court Costs          | $   196.00   |
| Attorney's Fees      | $14,593.00   |
| Post-Judgment Interest | $ 2,020.79 |
|                      | $33,771.02   |

Interest is accruing on the unpaid principal at 10% per annum.

5.1.2   The Judgment is personally collectible only against Swears.

5.1.3   The post-judgment/pre-bankruptcy petition amounts secured by the Lien totals $4,813.02 as of November 6, 2019, which breaks down as follows:

|                                   |            |
|-----------------------------------|-----------:|
| Assessments (1/18 – 4/18)         | $ 1,521.24 |
| Late Fees (1/18 – 4/18)           | $   114.09 |
| Interest (1/1/18 – 11/6/19)       | $   472.35 |
| Attorney's Fees and Related Expenses | $ 2,085.00 |
| Costs of Collection               | $   620.34 |
|                                   | $ 4,813.02 |

Interest is accruing on the unpaid assessments at 18% per annum.

5.1.4   The post-judgment/pre-bankruptcy petition amounts secured by the Lien stated in Term 5.1.3, plus interest, is personally collectible only against Swears.

5.1.5   The post-judgment/post-bankruptcy petition amounts secured by the Lien totals $13,534.33 as of November 6, 2019, which breaks down as follows:

|                                   |            |
|-----------------------------------|-----------:|
| Assessments (5/18 – 11/19)        | $ 7,225.89 |
| Late Fees (5/18 – 10/19)          | $   190.15 |
| Interest (5/1/18 – 11/6/19)       | $    57.05 |
| Attorney's Fees and Related Expenses | $12,822.50 |
| Trustee's Fee                     | $   622.24 |
| Postage                           | $    88.15 |
| Copies                            | $   409.80 |
| PACER Fees                        | $    17.20 |
| Private Process Fee               | $    40.00 |
| Motion Filing Fee                 | $   181.00 |
| Lien Release Fee                  | $    50.00 |
| Foreclosure Action Dismissal Fee  | $    15.00 |
| SUBTOTAL                          | $21,718.98 |

Less Payments Received:

| Date | Check # | Amount |
|---|---|---|
| 7/13/18 | #1106 | ($ 380.31) |
| 8/24/18 | #1107 | ($ 380.31) |
| 10/4/18 | #1112 | ($ 380.00) |
| 10/25/18 | #81020 | ($ 2,100.00) |
| 11/8/18 | #1114 | ($ 380.31) |
| 12/17/18 | #1115 | ($ 380.31) |
| 1/14/19 | #1116 | ($ 380.31) |
| 2/15/19 | #1118 | ($ 380.31) |
| 3/7/19 | #1119 | ($ 380.31) |
| 3/27/19 | #1120 | ($ 380.31) |
| 5/1/19 | #1122 | ($ 380.31) |
| 6/3/19 | #1126 | ($ 380.31) |
| 6/26/19 | #1129 | ($ 380.31) |
| 7/29/19 | #1133 | ($ 380.31) |
| 8/23/19 | #1134 | ($ 380.31) |
| 9/23/19 | #1136 | ($ 380.31) |
| 11/1/19 | #1137 | ($ 380.31) |
| | | ($ 8,184.65) |
| | | $13,534.33 |

Interest is accruing on the unpaid assessments at 18% per annum.

5.1.6   The post-judgment/post-bankruptcy petition amounts secured by the Lien stated in Term 5.1.5, plus interest, is personally collectible against both Owners.

5.1.7   All amounts stated in Terms 5.1.1, 5.1.3, and 5.1.5 are secured by the Lien, and the Lien continues to secure unpaid assessments, late fees, interest, and attorney's fees and costs that accrue subsequent to November 6, 2019.

5.1.8   The Owners shall continue to pay to Belvedere their monthly condominium assessment as same come due.  Monthly assessments are currently $380.31 and are due on the first day of each month.  A late fee of $38.03, or ten percent of the assessment, is charged if the assessment is not paid by the fifteenth day of the month.   Assessments are subject to increase in accordance with the Condominium's governing documents, and the Owners' obligation to pay their monthly condominium assessment shall increase accordingly.  (The Parties agree that November 2019's assessment was paid via check #1137.)

5.1.9   In addition to the payment of monthly condominium assessments described in Term 5.1.8, the Owners shall pay to Belvedere sixty (60) monthly installments of $750.00 by the fifteenth day of each month beginning November 15, 2019.

5.1.10   All payments from the Owners to Belvedere, whether due under this Agreement or otherwise, shall be sent to 635 N. Bestgate Road, Suite 200, Annapolis, Maryland 21401. Monies are deemed paid when received at this place of payment. Checks shall be made payable to Belvedere Condominium.

5.1.11   All payments by Owners to Belvedere shall be deemed first to be made under Term 5.1.8 and shall be applied to the monthly condominium assessment obligation. All other payments shall be first applied to the Judgment, then to the post-judgment/pre-bankruptcy petition amounts secured by the Lien, then to the post-judgment/post-bankruptcy petition amounts secured by the Lien, and then to unpaid assessments, late fees, interest, and attorney's fees and costs that accrue subsequent to November 6, 2019.

5.1.12   Except as provided in Term 8, if the Owners pay all assessments and installments due under Terms 5.1.8 and 5.1.9 for sixty (60) months, then Belvedere shall waive all other charges described herein, mark the Owners' account as current with a zero balance, note the Judgment as satisfied, and file an instrument in the Land Records for Baltimore City that releases the Lien from the Property.

5.1.13   Upon execution of this Agreement, Belvedere may record a judicial lien for the Judgment in Baltimore County. The judicial lien shall pertain only to Swears' interest in affected real property.

5.1.14   Contemporaneous with the execution of this Agreement, the Parties shall sign a joint stipulation of dismissal without prejudice that incorporates by reference the terms of this Agreement and same shall be filed in the Foreclosure Action.

6.     **Release of Belvedere by Johnson and Swears.** Except as otherwise set forth in this Agreement, in consideration of Terms 5 and 7 herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Johnson and Swears hereby remise, release, acquit, satisfy, and forever discharge Belvedere, its past, present, and future officers, directors, members, partners, associates, managers, agents, servants, employees, heirs, legal representatives, shareholders, beneficiaries, insurers, administrators, past and present, and all of their predecessors and successors, and all of their executors, administrators, and/or assigns (collectively, "Belvedere Released Parties") of and from all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law or in equity, which Johnson and Swears, their heirs, representatives, assigns, or successors, ever had, now have, or could have, whether known or unknown, suspected or not suspected, fixed or contingent, asserted or not asserted, against the Belvedere Released Parties for, upon, or by reason of any matter, cause, thing, act, or omission, including but not limited to any and all allegations and claims that were or could have been asserted against the Belvedere Released Parties in connection with the recordation of the Lien, the District Court Action, the Bankruptcy Case, and the Foreclosure Action, and the

collection of the amounts described in this Agreement, from the beginning of the world to the Effective Date of this Agreement.

7.    **Release of Johnson and Swears by Belvedere.**    Except as otherwise set forth in this Agreement, in consideration of Terms 5 and 6 herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Belvedere, on its behalf, and on behalf of its agents and servants, hereby remises, releases, acquits, satisfies, and forever discharges Johnson and Swears, their heirs, executors, assigns, predecessors, and successors of and from all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law or in equity, which Belvedere ever had, now has, or could have, whether known or unknown, suspected or not suspected, fixed or contingent, asserted or not asserted, against Johnson and Swears, their heirs, executors, assigns, predecessors, and successors for, upon, or by reason of any matter, cause, thing, act, or omission related to or arising from the recordation of the Lien, the District Court Action, the Bankruptcy Case, and the Foreclosure Action, from the beginning of the world to the Effective Date of this Agreement.

8.    **Default.**    The Owners' failure to pay any assessment or installment due hereunder by its due date shall constitute a complete and material default of this Agreement.  In the event of a default, Belvedere shall provide written notice thereof to the Owners and the Owners shall have ten (10) calendar days from the date of the notice to cure their default by paying the cure amount in certified funds.  If the Owners do not cure their default, then Belvedere shall be excused from its obligation under Term 5.1.12, Term 7 shall be null and void, and Belvedere may proceed to collect all amounts provided herein, including but not limited to reopening and prosecuting the Foreclosure Action.  The failure or choice by Belvedere on any one or more occasion to not proceed with collection in the event of a default shall not constitute a waiver of Belvedere's right to do so in the future.  In the event of a third default of this Agreement, Belvedere shall be excused from providing written notice of default to the Owners and may proceed in accordance with this Term 8.

9.    **Settlement of All Claims.**    By executing this Agreement, the Parties expressly agree, declare, and acknowledge that it is their mutual intention to resolve any and all disputes and potential disputes which may now exist in their favor or on their behalf, whether known or unknown, against each other related to or arising from the recordation of the Lien, the District Court Action, the Bankruptcy Case, and the Foreclosure Action.

10.    **Representations and Warranties**. The Parties represent and warrant to each other that they are not aware of any third party or organization claiming to have or having any interest in the claims and causes of action resolved by this Agreement and that they are the sole owners and holders of the claims released herein.  Additionally, the Parties represent and warrant to each other that they have not assigned, hypothecated, or otherwise transferred any interest in the claims and causes of action resolved by this Agreement. The Parties further represent and warrant to each other that they are not aware of any third party which has asserted or may assert a claim or lien against the proceeds of the settlement memorialized by this Agreement.

11.    **Entire Agreement**.  This Agreement constitutes the sole and entire agreement between the Parties and supersedes all prior and contemporaneous statements, promises, understandings, or agreements, whether written or oral.

12.    **Amendments**.  This Agreement may be amended, modified, or altered at any time upon the approval of the Parties; however, except for a change in the place of payment under Term 5.1.10, any such amendment must be in writing and signed by the Parties in order for such amendment to be of any force and effect.

13.    **Partial Invalidity**.  In the event that any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions, and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.  Notwithstanding the foregoing, Paragraphs 5, 6, 7, and 8 are not severable from this Agreement.

14.    **Survival**.  All representations and warranties contained herein shall survive the execution and delivery and any merger of this Agreement, and the execution and delivery and any merger of any other document or instrument referred to herein.  Further, Terms 5.1.1 – 5.1.7 shall survive the execution and delivery and any merger of this Agreement.

15.    **Applicable Law**.  This Agreement shall be subject to and governed by the laws of the State of Maryland, without regard to conflict of law rules.  Jurisdiction is proper in the State of Maryland for any action arising out of, under, or in connection with this Agreement, and venue is proper exclusively in Maryland, for any action arising out of this Agreement.

16.    **Costs**. Unless otherwise provided in this Agreement, the Parties have each agreed to bear their own attorneys' fees and costs with respect to this Agreement and the disputes resolved by this Agreement.

17.    **No Adverse Construction.**  The Parties acknowledge that this Agreement has been prepared by each of them through counsel.  In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

18.    **Further Acts.**  In addition to the acts recited in this Agreement, the Parties agree to perform, or cause to be performed on the date of this Agreement, or thereafter, any and all such further acts as may be reasonably necessary to consummate the transactions contemplated hereby.  The Parties agree that they will execute and deliver all such documents and instruments as may be necessary and appropriate to effectuate the terms of this Agreement.

19.    **Counterparts**. This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement.

20.  **Authority**.  Each person(s) executing this Agreement as an agent or in a representative capacity warrants that he or she is duly authorized to do so.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.


DATED: November _____, 2019       _____
      Mark T. Johnson


DATED: November _____, 2019       _____
      Courtney E. Swears


DATED: November _____, 2019       The Belvedere Condominium

      By: _____

      Name: Sondra Goad

      Title:  President